THE METROPOLITAN BANK OF ST. LOUIS, Respondent, *vs.* WILLIAM F. TAYLOR, *et al.*, Appellants.

1. *Practice, Supreme Court—Case brought up a second time—What issues may be heard—Res adjudicata.*—When a case has been once decided on solemn argument in the Supreme Court, and again comes there on appeal or writ of error, generally speaking, only such questions will be noticed, as were not determined in the previous decision. Whatever had been so passed upon is *res adjudicata.*

2. *Married women, note by—Intention to bind separate estate.*—In reference to her separate estate, a married woman is treated as a *feme sole ;* and the giving of a note, or making of a written contract, by her, raises the presumption, that she intends to bind such estate. The contrary intention may be shown, but it must appear from the instrument itself, and cannot be shown by parol.

## Appeal from St. Louis Circuit Court.

*Hitchcock, Lubke & Player,* for Appellants, cited Yale vs. Dedion, 29 N.Y., 450–9 ; Willard vs. Eastham, 15 Gray, 335 ; and these cases are cited with strong approbation in the text of his opinion by Wagner, J., in Kimm vs. Weippert, 46 Mo., 543–4.

*F. K. Ryan & Daniel Dillon,* for Respondent, cited Miller et al. vs. Brown, 47 Mo., 504 ; Meyers vs. Van Wagoner, 56 Mo., 115 ; Kimm vs. Weippert, 46 Mo., 545 ; Claflin vs. Van Wagoner, 32 Mo., 252 ; Lincoln vs. Rowe, 51 Mo., 571 ; McQuie vs. Peay, 58 Mo., 56 ; Coates vs. Robinson, 10 Mo., 757 ; Whitesides vs. Cannon, 23 Mo., 457 ; Tuttle vs. Haag, 46 Mo., 43 ; Schaforth vs. Ambs, 46 Mo., 114 ; Bonner vs. Wheaton, 46 Mo., 366.

WAGNER, Judge, delivered the opinion of the court.

This was a suit brought for the purpose of charging the separate estate of the defendant Lucy G., with the payment of a promissory note which she signed in conjunction with her husband. This case has been once before in this court, (53 Mo., 444) and it was then held, that the property now sought to be charged was the separate estate of the defendant, and as such liable for the debt. After the case was remanded here, it was again tried in the circuit court, and a

judgment was rendered in favor of the plaintiff, subjecting the property specifically to the satisfaction of the demand.

At the trial the defendant admitted that she signed the note, and testified that it was done at the request of her husband ; that she received no part of the consideration. and did not know for what purpose the note was made. She was then asked what connection the note had with her separate estate, but the question was objected to by the plaintiff, and the objection was sustained. She was also asked if she knew that she had a separate estate, but this question was ruled out. The further inquiry was put, whether by signing the note she intended to bind her separate estate ; but the court excluded the question.

The point is presented now, that was raised when the case was here before, that Mrs. Taylor had no separate estate, but this question was ruled against her in our former decision, and it must be considered as settled.

When the case of Roberts vs. Cooper, (20 How., 467). was before the Supreme Court of the United States the second time, after it had been tried in the circuit court on the principles established by the Supreme Court in the first trial, it was decided that the court could not be compelled, on a second writ of error in the same case, to review their decision on the first ; that after a case had been brought there and decided, and a mandate issued to the court below, if a second writ of error was sued out, it brought up for review nothing but the proceedings subsequent to the mandate ; that none of the questions which were before the court on the first writ of error could be reheard or examined upon the second, and to allow a second writ of error or appeal to a court of last resort on the same questions, which were open to dispute in the first, would lead to endless litigation ; for there would be no end to a suit if every litigant could by repeated appeals compel a court to listen to criticisms on their opinions, or speculate on chances from changes in its members.

This doctrine has been approved and followed in this court. (Chambers vs. Smith, 30 Mo., 156 ; Overall vs. Ellis, 38 Mo.,

209.) When a case has been decided upon solemn argument in this court, and again comes here on appeal, or by writ of error, only such questions will generally be noticed as were not determined in the previous decision. Whatever was passed upon must be regarded as *res adjudicata*.

We must, therefore, under the circumstances of this case, decline any further consideration of the character of the estate which was vested in the defendant.

The law, in reference to married women binding their separate estates, has been so long established in this State, that it has become a rule of property, and cannot now be shaken. It may be that their estates would be better protected, and that the policy of the law would more surely be carried out, if in all cases where the married woman was surety for another, or she made the contract as a mere accommodation, no liability should be enforced against the estate, unless by an express instrument she made the debt a charge upon it.

But too many interests have grown up on the strength of a contrary rule to permit us now to change it. If a change is desirable, it should not be made by the courts, but by the legislature, where its operation will be prospective, and cannot interfere with previous transactions which were had on the faith of our former decisions. A married woman is incapable of making a contract except in regard to her separate property. But in reference to that she is treated as a *feme sole*, and if she gives a note the law implies, in the absence of proof to the contrary, that she intends to bind it. It may appear that there was no intention to bind the separate estate, but the intention must be manifested from the contract itself, and cannot be shown by parol testimony. The intent that the separate property should not be bound, to be of any importance, should be a part of the contract; that is to say, the writing or contract should show on its face, when properly interpreted, that no charge upon the separate estate was intended to be created. (Kimm vs. Weippert, 46 Mo., 532.)

The court, therefore, did not err in ruling out the testimony which was offered for the purpose of showing that the

defendant signed the note with an intention different from that implied by law. As the defendant, when she signed the note possessed separate property, the law presumes that she intended to render that property liable for the satisfaction of the obligation, and as nothing different appears from the contract itself, the judgment should be affirmed.

All the judges concur, except Judge Vories, who is absent.