J. S. ROBINSON, Respondent, v. ST. LOUIS, IRON MOUN-
TAIN & SOUTHERN RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, February 23, 1886.

1. NEGLIGENCE—DAMAGES—RAILROADS—FENCES.—A railroad company
   is not liable, without proof of negligence, for the death of animals
   killed by its cars at a point where it is necessary for the transaction
   of its business that the space about its tracks should be kept open,
   notwithstanding the road at that point is not fenced, and although
   that point is not in a town nor at a public crossing.

2. ——— A railroad company is liable, without proof of negligence,
   for the killing of animals at a point on its road, not in a town or at a
   public crossing, where it is not necessary to keep the space open for
   the transaction of its business, if the road is not lawfully fenced.

3. ——— WITNESSES — EVIDENCE— EXPERTS.—A station agent who
   receives and ships all goods at his station is competent as a witness
   to give his opinion as to whether it would have interfered with the
   transaction of the shipping business at that point to have main-
   tained a fence along the railroad tracks.

APPEAL from the St. Francois County Circuit Court,
JAMES D. FOX, Judge.

*Reversed and remanded.*

HENRY G. HERBEL for the appellant:   The court
erred in refusing the defendant's demurrer to the evi-
dence at the close of the plaintiff's case, as the evi-
dence showed that the cow got on the track over a switch
which was being used by the company and its patrons,
for the loading and unloading of granite, and other
freight, and could not be fenced at that place without
greatly incommoding both the railway company and the
public, in the transaction of the freight business at that
station.   *Swearingen v. Railroad,* 64 Mo. 75 ; *Lloyd v.
Railroad,* 49 Mo. 199 ; *Morris v. Railroad,* 58 Mo. 81 ;
*Edwards v. Railroad,* 66 Mo. 568.   The admission of any

·evidence tending to prove negligence, other than the failure to fence the road, was improper under the petition in this case. *Minter v. Railroad*, 82 Mo. 132. Though such testimony was introduced by the plaintiff, it failed to establish such negligence, as no rate of speed, at which a train may run, is negligence *per se*, and it was not shown that the employes in charge of the train saw, or could have seen the cow, in time to have avoided a collision therewith. The statute, requiring signals to be given on approaching public crossings, has no application to this case. *Lord v. Railroad*, 82 Mo. 141; *Young v. Railroad*, 79 Mo. 340; *Bell v. Railroad*, 72 Mo. 58; *Evans v. Railroad*, 62 Mo. 58.

WILLIAM R. TAYLOR, for the respondent: The animal being killed at a point where it was unnecessary to keep the road open in order to transact business, the company will be held liable for the accidents complained of, without any proof of negligence. *Morris v. Railroad*, 58 Mo. 78; *Wymore v. Railroad*, 79 Mo. 247; *Noll v. Railroad*, 59 Mo. 1112; *Edwards v. Railroad*, 66 Mo. 567. The rate of speed with which a train is run, is not, *per se*, negligence. Yet, coupled with the facts that the trains were run by the depot, over a public crossing, and alongside of the town of Knob Lick, at the rate of eighteen to twenty-five miles per hour, and not a brakeman in sight or at his post, are circumstances from which the jury might reasonably infer negligence. *McPheeters v. Railroad*, 45 Mo. 22; *Pryor v. Railroad*, 69 Mo. 217.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff sued for damages before a justice of the peace for the killing of his cow by a freight train of the defendant, at Knob Lick Station. At the point where the cow got on the track and was killed, the road was not fenced, nor was it at the crossing of a public highway, or within the limits of an incorporated town. But the

ground was contiguous to the depot, and the evidence tended to show that it was used for the deposit of granite blocks in considerable numbers for shipment on the trains.   At the trial, on defendant's appeal, the circuit court instructed as follows for the plaintiff:

"The court declares the law to be, that if the jury shall believe from the evidence in this cause that the plaintiff was the owner of the milch cow mentioned in the complaint, at the time she is alleged to have been killed; that said cow, without the fault of plaintiff, strayed upon the track of the defendant's railroad, at a point near the north end of the cattle-pen on railroad switch at Knob Lick Station, in Liberty township, St. Francois county, Missouri, and at a point where said road was not fenced, but may have been enclosed by a lawful fence, and not at a public crossing, nor within the limits of any city, town, or village, and that said cow was run over and killed by the locomotive or cars of defendant in said Liberty township, such facts raise the presumption that such cow was killed through the negligence and carelessness of the employes of defendant in the management of said locomotive or cars, and it is incumbent upon the defendant to rebut such legal presumption by legal and competent testimony, and unless the defendant has, to your satisfaction, rebutted such presumption of negligence, your verdict should be for plaintiff, and assess his damages at such sum as the jury may find from the evidence he has sustained, not exceeding the amount claimed in the statement; but before the jury shall find for the plaintiff, they shall further find and believe from the evidence that the point where plaintiff's cow strayed upon defendant's railroad track, that said track may have been enclosed by a lawful fence, and that by so enclosing said road at said point with a lawful fence, would not interfere with defendant's transaction of business with the public, or inconvenience or discommode it in the reception and discharge of freight and passengers,

and would not discommode the public in the transaction of business with said defendant.''

It is objected to this instruction that, under it, the defendant must disprove any negligence in the running or management of the train, notwithstanding the fact that the proper transaction of the company's business required the place where the animal was killed to be left open.    The criticism might be just, if the instruction stop with the words, ''not exceeding the amount claimed in the statement.''    But the language following these words secured to the defendant every qualification of the first part of the instruction, to which it was entitled by the statute, as construed by the supreme court.

The statute provides:    '' When any animal or animals shall be killed or injured by the cars, locomotive, or other carriages used on any railroad in this state, the owner of such animal or animals may recover the value thereof, in an action against the company or corporation running such railroad, without any proof of negligence, unskilfulness, or misconduct on the part of the officers, servants, or agents of such company ; but this section shall not apply to any accident occurring on any portion of such road that may be inclosed by a lawful fence, or in the crossing of any public highway.''    Rev. Stat., sect. 2124.    Under this statute it is adjudicated that : ''Where stock is killed on the grounds of a railroad at a depot, and it is necessary for transaction of business that the space shall be kept open, the company will not be liable without proof of negligence, notwithstanding the fact that the road is not fenced at that point.    But where stock is killed on a railroad switch, at a point where it is unnecessary to keep the road open in order to transact business, the company will be liable without proof of negligence.''    *Morris v. Railroad*, 58 Mo. 78.    The doctrine thus declared appears to be what is aimed at by the instruction above copied ; and, aside from the consideration, that the court's meaning is somewhat ob-

scured by a lack of orderly arrangement, we do not find the instruction open to objection.

It is apparent from the evidence, as well as from the arguments of counsel, that the controversy turned chiefly, if not entirely, upon the question whether the plaintiff was entitled to the legal presumption of negligence, under the statute, from the failure to fence; or, whether this presumption was effectually rebutted by proof that the business and convenience of the company, and of the public, required that the place where the cow was killed should be left unfenced. It was, therefore, of the first importance that the jury should have before them, in the way of evidence, all appropriate and admissible light on this vital inquiry. The testimony of this character that was admitted, however, was meager and unsatisfactory.

Mr. Tetler, the station agent at the place where the killing occurred, while testifying for the defendant, was asked this question : " If, at that time, the entire length of that track, including the switches, had been inclosed, then state whether or not it would have interfered with the shipping public at that point, and at the point where the plaintiff's cow got upon the railroad track. " Upon the plaintiff's objecting, the witness was not permitted to answer ; chiefly on the ground that it was a mere matter of opinion and it was not shown that the witness was an expert. This was an error. The witness, by virtue of his position and duties, was, of all persons, the best qualified to testify about the matter in process of examination. He had already sworn that, as such station agent, he " attended to the shipping of all the goods at that point, and receiving all goods shipped to that point." It was clearly his duty to see that proper space and accommodations were provided for all freight received either for the road or from it, and to know at all times what spaces and open ways would be required for those purposes. The exclusion of his testimony cut

off from the jury a high grade of evidence, if not, in fact, the best of all, which might lead them to a correct conclusion on the question referred to them in an instruction which was properly given on this particular subject.

There was testimony tending to show that, at and for a long time before the killing of the cow, nearly all the open space in question had been used as a place of deposit for granite blocks from an adjacent quarry, intended for shipment on the railroad. It may be inferred from the verdict that the jury did not find this satisfactory evidence that the open ground was needed for the business of the road, or the accomodation of the public. The testimony of the station agent might well have removed, in favor of one party or the other, every doubt on that point ; and for error in its exclusion, the judgment will be reversed and the cause remanded.

All the judges concur.