JAMES N. FORESTER, Respondent, v. ST. LOUIS, IRON
MOUNTAIN & SOUTHERN RAILWAY COMPANY,
Appellant.

### St. Louis Court of Appeals, May 3, 1887.

1. PRACTICE, APPELLATE—POINTS ONCE DECIDED WILL NOT BE
RE-EXAMINED.—Upon a second appeal of a cause, questions decided
on the former appeal will not be re-examined.

2. ——— WEIGHT OF EVIDENCE.—A judgment will not be reversed on
appeal, as being against the weight of evidence, unless the evi-
dence will warrant the inference that the verdict was the mani-
fest result of prejudice or mistake.

APPEAL from the St. Francois County Circuit Court,
JAMES D. FOX, Judge.

*Affirmed.*

HENRY G. HERBEL, for the appellant: The court
erred in overruling the · defendant's objection to the
introduction of any evidence, because the petition failed
to state facts sufficient to constitute a cause of action
against the defendant. *Clarkson v. Railroad*, 84 Mo.
583 ; *Russell v. Railroad*, 83 Mo. 507 ; *Boyle v. Rail-
road*, 21 Mo. App. 420. The court erred in refusing to
give the instruction in the nature of a demurrer to the
evidence, asked by the defendant, at the close of the
plaintiff's case. *Robinson v. Railroad*, 21 Mo. App.
144.

W. R. TAYLOR, for the respondent: The judgment
in this cause ought to be affirmed, for the reason that,
on a former appeal in this cause, the same points were
raised and passed upon by this court. *Robinson v.
Railroad*, 21 Mo. App. 141 ; *Grumley v. Webb*, 48 Mo.
563 ; *Bank v. Taylor*, 62 Mo. 338 ; *Chouteau v. Gibson*,
76 Mo. 38.

ROMBAUER, J., delivered the opinion of the court.

This is an action brought under section 2124, Revised Statutes, for the killing of the plaintiff's cow. The case was heretofore before us, and is covered by the opinion of the court in *Robinson v. Railroad* (21 Mo. App. 141). The two cases being identical in their facts, the opinion filed in the *Robinson case* was applicable to both, and a mere formal opinion, which is not reported, was filed in this case.

The former judgment was reversed, on the sole ground that the testimony of the defendant's station agent was improperly excluded by the court. By that testimony, the defendant offered to prove that the place where the cow came upon the track was an open space adjoining a railroad switch, which could not be fenced without interference with the shipping public. Upon the last trial the court admitted this testimony. It gave, on the plaintiff's behalf, the instruction which is set out in full in the *Robinson case* (21 Mo. App. 141), and also gave, on the defendant's behalf, the following instruction :

" The court instructs the jury that if they shall find, from the evidence in this cause, that the plaintiff's cow got upon the defendant's railroad track, at a point within switch limits and depot grounds, at Knob Lick station, and was struck and killed within said switch limits, and shall further believe, from the evidence, that it was necessary, for the transaction of the business of the defendant and for the convenience of the public, to keep said grounds and space open; then the said defendant was not required to fence, and is not liable in this action."

The jury found a verdict for the plaintiff for fifty dollars. The appellant now complains :

(1) That the trial court erred in admitting any evidence, because the plaintiff's statement fails to state a cause of action under the statute.

The case was tried before on the identical statement, and its sufficiency was necessarily passed upon on the former appeal, when we held that an instruction, authorizing a recovery on that statement, was not open to objection. This point, therefore, must be ruled against the appellant, on the authority of *Grumley v. Webb* (48 Mo. 563); *Met. Bank v. Taylor* (62 Mo. 338); *Chouteau v. Gibson* (76 Mo. 38). Independently, even of that fact, the appellant's complaint is entitled to no favorable consideration, since the main controversy in the case, and the only point on which the defendant introduced any evidence, was the question whether, or no, the space where the cow came upon the track was one which the defendant might properly have fenced, and was required to fence, if it desired to shift the burden of proof of negligence in this class of cases.

(2) That the trial court erred in its instructions, and that the verdict is not supported by substantial evidence.

The instruction given for the plaintiff was approved on the former appeal, and as the instructions, asked by the defendant and refused by the court, were inconsistent with that instruction, they were properly refused. Evidence was offered by the plaintiff tending to show facts indicating that this space was not necessarily left open for the accommodation of the public. The opinion of the plaintiff's witnesses on that question was, on the defendant's objection, excluded, we presume, on the ground that it was not expert testimony. The testimony of the station agent tended to show that the space was utilized, at times, for the accommodation of the public, but his evidence was far from conclusive on the question whether its fencing would subject it to any material inconvenience. All the facts bearing upon that question, together with the defendant's expert testimony, were before the jury, and presumably weighed by them. The killing was amply proved by the plaintiff's witnesses and the defendant's engineer, and we see no

just ground on which we could vacate the verdict, as unsupported by substantial evidence, or as the manifest result of prejudice or mistake.

The judgment is affirmed. Judge Thompson concurs. Judge Lewis is absent.