ALFRED BEVIS, Respondent, v. BALTIMORE & OHIO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 24, 1888.

1. PRACTICE, APPELLATE—FORMER RULINGS TO BE ADHERED TO.—The rulings made on a former appeal are the law of the case when it comes before this court on a second appeal.

2. —————— OPINION OF TRIAL JUDGE—WEIGHT OF EVIDENCE.—A written opinion filed by the trial judge is no part of the record, either in fact or in law. Whatever may appear in such a paper, as intimating that the verdict was against the weight of evidence, this court must be governed by the action of the trial court in refusing a new trial; and cannot interpose merely because of the court's failure to exercise a discretionary power, unless the discretion was grossly abused.

APPEAL from the St. Louis Circuit Court, HON. LEROY B. VALLIANT, Judge.

*Affirmed.*

POLLARD & WERNER, for the appellant: This court has already recognized as the law governing the liability of those operating sleeping cars that they are responsible only for a failure to exercise reasonable and ordinary care for the protection of the property of its passengers from theft, and that the burden of proving such want of care is upon the passenger in such cases. *Scaling v. Car Co.*, 24 Mo. App. 29; *Bevis v. Railroad*, 26 Mo. App. 19; *Welch v. Car Co.*, 1 Sheldon [N. Y.] 459; *Palmeter v. Car Co.*, 11 Alb. L. J. 149; *Blum v. Car Co.*, 1 Flipp. [U. S. C. C.] 500; *Car Co. v. Gardner*, 16 Am. and Eng. R. R. Cases, 324; *Tracy v. Car Co.*, 67 How. Pr. [N. Y.] 154; *Car Co. v. Diehl*, 84 Ind. 474; *Stearn v. Car Co.*, 21 Am. and Eng. R. R. Cases, 443; *Dargen v. Car Co.*, 5 Tex. Law Review, 619; *Tracy v. Car Co.*, 67 How. Pr. 154; *Carpenter v. Railroad*, 3 Ry. and Corp. Law Jour. 32; *Schmidt v. Harkness*, 3

Mo. App. 585; *Ward v. Andrews*, 3 Mo. App. 275; *Schultz v. Railroad*, 36 Mo. 13; *Maher v. Railroad*, 64 Mo.; *Holman v. Railroad*, 62 Mo. 562; *Harvey v. Railroad*, 6 Mo. App. 267.

DYER, LEE & ELLIS, for the respondent: It is manifest that the cause was considered on the former appeal with more than usual care by this court, because there were two opinions, although the court were unanimous in the conclusion reached, to-wit, that the facts in the case were sufficient to have gone to a jury on the question whether a sufficient watch was kept over the plaintiff's berth at the time he was robbed. No decision is cited by appellant now that was not then cited and considered by the court, having any material bearing on the controversy. Whether the trial judge, were he trying a question of fact, would draw the same conclusion that the jury did from the facts in evidence is no test by which either the trial court or the appellate court can set aside that verdict.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action to recover the value of certain articles which plaintiff claims were stolen from him while a passenger on defendant's sleeping car, charging that the loss was caused by defendant's negligence.

The cause was before us on a former appeal by defendant. 26 Mo. App. 19. The judgment was then reversed on the sole ground of the admission of irrelevant evidence. The re-trial of the cause again resulted in a verdict for plaintiff, and the errors assigned on this appeal are, that the court erred in permitting the case to go to the jury, and that the verdict is against the evidence and against the instructions of the court. In substance the only error assigned is, that the evidence fails to support the verdict.

When the case was last before us, I stated in a concurring opinion that, " even rejecting all evidence which

we decide to have been improperly admitted, the surrounding circumstances do furnish some inferential evidence of negligence on which the plaintiff was entitled to go to the jury." The statement thus made was one concurred in by both the sitting members of the court, as the context of Judge Thompson's opinion plainly shows. According to the settled rule in this state governing appellate procedure the same question is not subject to re-argument on a second appeal, but once decided is the law of the case. *Grumley v. Webb*, 48 Mo. 563; *Met. Bank v. Taylor*, 62 Mo. 338; *Chouteau v. Gibson*, 76 Mo. 38; *Forester v. Railroad*, 26 Mo. App. 123.

It is claimed by the defendant that the evidence upon the second trial was substantially different from that of the former. This claim, so far as plaintiff's evidence is concerned, which is the only one that can bear upon the question of nonsuit, is not borne out by an examination of the record. The trial judge at the last trial, in a written opinion, to which we are referred by appellant's counsel as part of his argument, states, referring to the instruction of nonsuit, "at a former trial of this cause the trial judge refused a similar instruction on the very same evidence, and the court of appeals held that his action was right." These considerations necessarily dispose of defendant's exception that the court erred in refusing to give an instruction of nonsuit at the close of plaintiff's case.

If plaintiff's evidence did make a *prima-facie* case, then it was for the jury to say whether the case thus made was successfully avoided by the defendant's evidence. We so held in *Boatman's Savings Bank v. Overall*, 16 Mo. App. 510, 513, and our holding was approved by the Supreme Court (s. c., 90 Mo. 410). Any other holding would make us pass on the weight of the evidence, which under the decisions in this state appellate courts cannot do, unless the preponderance of evidence is so great that the verdict is the evident result of mistake or prejudice.

Counsel for defendant has referred us to the opinion

of the trial court, when overruling its motion for new trial, to impress us with the fact that the trial court regarded the verdict as one against the weight of evidence. Assuming that such is the correct interpretation of that opinion, we cannot see how that can aid the appellant. The opinion is no part of the record either in fact or law: We referred to some statements made in it, because appellant by his brief challenged the fact referred to and saw fit to annex the opinion to his brief.

If the trial judge considered the verdict as against the weight of evidence it was his duty to grant to the defendant a new trial, but that duty was one of conscience only, one of discretion, which, unless grossly abused, could not be controlled by this court. To hold that we should grant a new trial because the verdict is against the weight of evidence, although the trial court refused to grant a new trial when that ground was distinctly urged, would be to hold that we should exercise a power not within the legitimate scope of appellate tribunals, simply because the trial court had neglected to exercise a discretionary power which it might or ought to have exercised. This we cannot do.

Judgment affirmed. All concur.