R. J. McKINNEY *et al.*, Respondents, v. JOHN W. HARRAL, Appellant.

St. Louis Court of Appeals, May 14, 1889.

1. **Forcible Entry and Detainer:** PLEADING: AMENDMENT. In a forcible entry and detainer case brought before a justice of the peace, an omission to state in the complaint filed, that the land was situated in the county in which the suit was brought, may be supplied by amendment on appeal in the circuit court.

2. ————: RENTAL VALUE OF PREMISES: JUDGMENTS. The omission to state in a judgment of forcible entry and detainer the monthly value of the premises is not prejudicial to the defendant.

3. **Res Adjudicata**: FORMER APPEAL.  A question determined on a former appeal is *res adjudicata* on the hearing of a second appeal of the same cause.

*Appeal from the Iron County Circuit Court.*—HON. JOHN L. THOMAS, Judge.

AFFIRMED.

*W. R. Edgar*, for the appellant.

A circuit court can not obtain jurisdiction of a cause by permitting an amendment on appeal from a justice showing jurisdictional facts.  The statute requires the court to find the monthly value of the premises.  R. S., sec. 2490; *Feedler v. Schroeder*, 59 Mo. 367; *Jones v. Hart*, 60 Mo. 357; *Farwell v. Easton*, 63 Mo. 449; *Dean v. Holly*, 27 Mo. 256; *Grey v. Dryden*, 79 Mo. 18. Jurisdiction of the justice must affirmatively appear in the first place.  *McQuoid v. Lamb*, 19 Mo. App. 155.

*Dinning & Byrns*, for the respondents.

BIGGS, J., delivered the opinion of the court.

This is an action of forcible entry and detainer. There was a judgment for the plaintiffs, and the defendant has appealed.

The main reason urged by the defendant in this court, why the judgment is wrong, and ought to be reversed, is, that the circuit court permitted the plaintiffs to amend their complaint by averring that the land was in Iron county.  This case was here on appeal once before, and this question was presented and decided (*McKinney v. Harral*, 31 Mo. App. 41).  The court decided, on the former appeal, that such an amendment could be made in the circuit court.  R. S., sec. 3060.

The present record shows that the circuit court, in obedience to the decisions and ruling of this court, permitted the amendment to be made.

McKinney v. Harral.

Whether the decision of this court, in the first instance, was right or wrong, can not be inquired into on this appeal. It furnishes the law for this case. The question is not open for re-argument. It is *res adjudicata.* *Bevis v. Railroad,* 30 Mo. App. 564; *Bank v. Taylor,* 62 Mo. 338; *Forrester v. Railroad,* 26 Mo. App. 123; *Adair County v. Ownsby,* 75 Mo. 282; *Gains v. Fender,* 82 Mo. 497.

The other assignment of error relied on by defendant goes to the form of the judgment.

The court failed in its judgment to state the monthly value of the premises. We do not think this omission furnishes any ground of complaint for the defendant. It is prejudicial only to the rights of the plaintiffs. The plaintiffs have failed to object to this omission of the court touching their legal rights, and, by so doing, have necessarrily waived all claims or demands for rents and profits of the land, from the rendition of the judgment until the possession is re-delivered to them, in this or any other action. Counsel for the defendant says that under the authority of *Farwell v. Easton,* 63 Mo. 449, the failure of the court to find the value of the monthly rents makes the judgment erroneous, and that for this reason it can not be upheld. The *Farwell case* only decides that a mere money judgment, and nothing else in an action of unlawful detainer, is erroneous. We think this is good law, for the reason that the primary object of such a proceeding is to recover the possession of land and the money judgment for damages is a mere incident. A judgment for the latter must have a judgment for the possession to support it. But there is nothing in the law to prevent a plaintiff from waiving his right to a judgment for damages for the detention, or the right to have the value of the monthly rents ascertained in order that he may have this included in his execution.

The judgment will have to be affirmed. All the judges concurring, it is so ordered