## HARRINGTON v. FRANKLIN FIRE INS. CO. OF PHILADELPHIA.

(Supreme Court, General Term, Third Department. November 22, 1892.)

FIRE INSURANCE—CONDITION IN POLICY—FORFEITURE—WAIVER.

In an action on a fire insurance policy by a mortgagee of the premises it appeared that after obtaining the policy the mortgagor conveyed the title to his wife, and so informed defendant's agent, who had written the policy, and who subsequently renewed it. After the renewal, plaintiff, to whom the policy was made payable, was assured by defendant's agent that the policy was all right, and after the fire defendant called for additional proofs of loss, without mentioning a forfeiture. *Held*, that the right to a forfeiture on account of the change of title previous to renewal was waived.

Appeal from circuit court, Ulster county.

Action by John E. Harrington against the Franklin Fire Insurance Company of Philadelphia to recover on a policy issued by defendant to Timothy Cooney, and by him assigned to plaintiff, as mortgagee of the property insured. From a judgment on a verdict directed for defendant, plaintiff appeals. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

J. E. & L. E. Van Etten, (J. E. Van Etten, of counsel,) for appellant.

Charles A. Fowler, (Everett Fowler, of counsel,) for respondent.

HERRICK, J. Conditions which enter into the validity of a contract of insurance at its inception may be waived by agents, and are waived if so intended, although they remain in the policy when delivered. Berry v. Insurance Co., 132 N. Y. 49–58, 30 N. E. Rep. 254. And the rule is now established that a waiver of the forfeiture of a policy, in the absence of any agreement to that effect, results from negotiations or transactions with the insured after knowledge of the forfeiture, by which the insurer recognizes the continued validity of the policy, or does acts based thereon, or requires the insured, by virtue thereof, to do some act, or incur some expense or trouble. Ronald v. Association, 132 N. Y. 378, 30 N. E. Rep. 739; Armstrong v. Insurance Co., 130 N. Y. 560, 564, 29 N. E. Rep. 991; Pratt v. Insurance Co., 130 N. Y. 206–219, 29 N. E. Rep. 117; Roby v. Insurance Co., 120 N. Y. 510, 24 N. E. Rep. 808. The insured notified the agent who issued the policy to him that he had parted with title to the real estate covered by the policy. Subsequent to that notice, the company, through the same agent, took the money of the insured, and renewed the policy for the term of three years. The plaintiff, who held a mortgage upon the insured property, and to whom the loss, if any, was made payable to the extent of his interest, and to whom the loss was subsequently assigned, called upon the agent of the company after the renewal of the policy, and was assured that the policy was all right. After the fire, proofs of loss were furnished,

and the defendant called for further or additional proofs of loss, without saying anything about a forfeiture. Roby v. Insurance Co., 120 N. Y. 510–517, 24 N. E. Rep. 808. It seems to me that the alleged causes of forfeiture were waived, and for that reason the judgment should be reversed, and a new trial granted, costs to abide the event. All concur.