CHARLES P. FINK, Respondent, v. LANCASHIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, May 12, 1896.

1. **Practice, Appellate**: RES ADJUDICATA. The determination of questions at issue on the first appeal of a cause will be treated as conclusive upon the second appeal thereof.

2. **Insurance, Fire**: WAIVER OF PROOFS OF LOSS. Proof, that an insurance company has recognized its liability under one of its policies after it has acquired knowledge of facts constituting a breach of a condition of the policy, will constitute evidence of the waiver of the condition; nor need the waiver be based upon a new agreement or an estoppel. This rule is applied in this cause to the waiver of proofs of loss after the time for the service of the proofs had expired.

3. **Practice, Trial**: IMPROPER CONDUCT OF COUNSEL. The evidence and facts disclosed by the record in this cause are considered, and are held not to require interference with the verdict of the jury on the ground of improper conduct on the part of counsel for the successful party.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Elijah Robinson* for appellant.

*Fagg, Ball & Hicks* for respondent.

ROMBAUER, P. J.—The action is on a fire insurance policy. The plaintiff recovered judgment for the full amount claimed, and this is the second appeal taken by defendant in the case. Our opinion on the former appeal is reported in 60 Mo. App. 673. As far as the

questions arising on both appeals are identical, they must be considered to have been set at rest by that opinion under settled rules applicable to appellate procedure in this state, to which this court, at least, has invariably adhered. *Metropolitan Bank v. Taylor*, 62 Mo. 338; *Forester v. Railroad*, 26 Mo. App. 123; *Bevis v. Railroad*, 30 Mo. App. 564; *McKinney v. Harral*, 36 Mo. App. 338; *Southwestern Lead and Zinc Company v. Insurance Company*, 41 Mo. App. 406; *Lancaster v. Elliot*, 42 Mo. App. 503; *Nelson v. Wallace*, 57 Mo. App. 397.

We make these preliminary observations, because several propositions which have been argued and decided on the former appeal are extensively reargued by the counsel for appellant. The main proposition among these is that the case should not have been submitted to the jury since there was no substantial evidence of a waiver of preliminary proofs, and since it was conceded that the preliminary proofs furnished were not in conformity with the requirements of the terms of the policy and hence could furnish no basis for a recovery.

When the case was last here, the appellant claimed that there can be no waiver where elements of estoppel are wanting. We replied to this that waiver depends solely on the intention of the party against whom it is invoked, and is in that respect essentially different from estoppel. We have there recognized the fact, and do so now, that there is a difference of opinion on that subject by courts in this country. The position assumed by us, however, is recognized as logically correct by courts of the leading commercial state in the union and by others of high authority. These courts hold, in substance, that whenever there is a distinct recognition of liability by the insurance company, after the facts constituting ground for the forfeiture of the policy are known to it, this will amount to evidence

of a waiver, and that waiver need not be based upon a new agreement or estoppel. Forfeitures are not favored in the law, and the doctrine of waiver is not peculiar to insurance policies, but is applicable to all cases of forfeiture. *Titus v. Insurance Company*, 81 N. Y. 410; *Roby v. Insurance Company*, 120 N. Y. 510; *Harrington v. Insurance Company*, 21 N. Y. Supp. 31; *Insurance Company v. Norton*, 96 U. S. 234; *Bammessel v. Insurance Company*, 43 Wis. 463. In the recent case of *Ronald v. Insurance Company*, 132 N. Y. 378, the court holds: "*In the absence of an estoppel* knowledge of the facts and an intention to waive must exist— provable, of course, by the circumstances."

We reversed the judgment, when the cause was last before us, on the ground that the court in its instruction charged the jury that the preliminary proofs were sufficient, when in fact they were insufficient; but we also held that the jury might have found for the plaintiff on the ground that such proofs were waived. On the last trial the court charged the jury that the preliminary proofs were insufficient, but that the jury might consider them in connection with other matters on the question of waiver. The testimony on that subject was substantially the same as at the former trial. It appeared that the defendant company, long after the expiration of the time when preliminary proofs were to be furnished, being proceeded against by garnishment on attachment suits against Chas. P. Fink, filed answers under oath, signed Lancashire Insurance Company by Charles E. Carroll, adjuster. These answers were filed in no less than five proceedings, and stated, among other things, that at the time of the service of the garnishment the company did owe Charles P. Fink a sum of money, that the amount at that time was not definitely known, but that it was as much as $350. As there was no pretense that the defendant ever was in-

debted to the plaintiff on any other account than this policy, and as at the date of the answers the company knew that preliminary proofs had not been furnished, it is difficult to see why this fact alone, under the rule above stated and authorities above cited, did not amount to substantial evidence of a waiver of forfeiture. If there was any substantial evidence of waiver, the court was bound to submit it to the jury for their consideration.

In addition to this the plaintiff gave in evidence a letter of the general manager of the defendant company, bearing date February 8, 1893, more than forty days after the time for furnishing preliminary proofs had expired. This letter was addressed to plaintiff's attorney and, among other things, stated: "The adjustment of this claim is in the hands of Mr. Charles E. Carroll, an adjuster of St. Louis, and all communications on this subject should be addressed to him. We trust the matter may be closed up on a basis that is equitable and fair." We must conclude, therefore, that there was ample evidence on which the question of waiver could be submitted.

We realize fully that an insurance company in many cases of loss is placed in a delicate position. We have always upheld its right to inquire into the extent and good faith of the loss fully, and to make an offer of compromise without prejudice to its substantial rights. We have so held on the first appeal, and even decided that such offer was inadmissible in evidence as tending to show any waiver. But it is neither our province nor our duty to aid these companies, when their improvident action has placed them in a position where waiver of forfeiture may be invoked against them, although we are fully aware that the submission of such a question to a jury leads invariably to a result unfavorable to the company.

Questions were raised by the motion for new trial and in arrest of judgment as to the jurisdiction of the trial court, and as to excess in the verdict; but, as neither of them are assigned for error, we will not notice them in this opinion. The instructions of the court on the question of ownership, false swearing and prohibited articles, were in substantial conformity with our ruling on the former appeal, and need not be set out in detail. Assuming that the question of waiver was properly submitted, there is nothing in the court's charge to the jury of which the defendant can justly complain.

The last assignment of error demands serious consideration, because it relates to the integrity and good faith of an officer of the court. The defendant claims that a new trial should have been awarded to it on the ground that one of its nonresident witnesses was induced by counsel for plaintiff to depart from the place of trial, whereby the defendant lost the *oral testimony* of the absent witness, which was of the utmost importance to it. To understand the value of this assignment it is necessary to recur to the testimony.

One of the defenses set up in the answer was burning by design. In support of this defense the defendant introduced testimony tending to show that the title to the property insured, which was merchandise and fixtures in a drug store, had for some time previously to the fire been transferred from one brother to another as a shuffling family transaction, with the view to mislead creditors; that the value of the property was greatly exaggerated in the claim made for its loss against the defendant; that the front windows of the store a short time before the fire were covered by a display of wall paper, which hid the view of its interior from the street; that the brother in charge of the store entered it on the night of the fire and a short time

before the fire broke out, and left within a few minutes; that, when the fire was discovered, surrounding circum- stances pointed strongly to the fact that it had been set. In support of this part of the defense the defendant's counsel, in the belief that a very material witness on defendant's part had moved away from the neighbor- hood, prepared a statement as to what the witness would state if present. This statement was read to the jury upon the trial. While the trial was in progress, how- ever, counsel for defendant learned that the witness was visiting in the neighborhood, and at once had a subpoena served upon her. In obedience to this sub- poena the witness came to the place of trial, but arrived there on a Saturday evening and after the court had adjourned over till Monday. It was shown that she was subpoenaed by the plaintiff likewise, and it does not clearly appear that plaintiff's counsel knew that the defendant had subpoenaed her. Upon arrival at the place of trial she met the counsel for the plaintiff, who read to her a statement of what he thought she could prove. Upon the witness stating to him that she would not swear to those facts, the plaintiff's counsel told her she might go home. On Monday morning, upon recon- vening of the court, the defendant's counsel learned that the witness had been to town and had left. The counsel for defendant thereupon intimated that he would get an attachment for the witness, but failed to do so. The trial consumed the entire day of Monday and was not concluded until the evening of Tuesday, and there is nothing to show that the personal attend- ance of the witness could not have been secured, if proper steps for that purpose had been taken at once on Monday morning.

The foregoing we take to be a fair deduction from the affidavits filed, *pro* and *con*, on this subject. It is certainly one which the court trying the case was

justified to draw from them, when read together. That the court drew this conclusion is evident, since it declined to sustain the motion for new trial on that ground, and since we can not assume that the court would have denied the motion if it had believed that plaintiff's counsel was designedly instrumental in depriving the defendant of the oral testimony of this witness. The testimony was in no sense newly discovered. Its substance was, as above seen, read to the jury from the written statement of the witness, and since the only ground on which the court could have sustained the motion was misconduct of counsel, and the court found no such misconduct, we can not put the court in the wrong.

Neither are we warranted in granting a new trial on the ground that counsel for plaintiff was guilty of misconduct in the argument of the cause to the jury. The counsel did comment on matters not in evidence, but upon objection made was checked by the court and desisted. The court also cautioned the jury to pay no attention to such argument, and not to consider it. The other objectionable remark was made in response to some remarks contained in the defendant's address to the jury, and was also promptly checked by the court. To set aside a verdict on account of these remarks would subject us justly to the charge of using them as a pretense for vacating a verdict which we regard as opposed to the weight of the evidence, and otherwise unjust, and of thus interfering by indirect means with the legitimate province of the jury.

All the judges concurring, the judgment is affirmed.