LAURA B. HASTINGS, Defendant in Error, v. JOHN B. HENNESSEY, Plaintiff in Error.

St. Louis Court of Appeals, April 7, 1897.

Appeal Bond, Suit on: APPEAL: DISPOSITION OF CASE: SECOND AP-
PEAL: RES ADJUDICATA.   Where the entire record was before the
appellate court on the first appeal, special matters, urged, on a sec-
ond appeal, to defeat the liability of the defendants on the appeal
bond, which were presented by that record and open to dispute, were
presumptively considered by the court in its disposition of the case,
and are *res adjudicata*.

*Error to the St. Louis City Circuit Court.*—HON.
PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*H. J. Cantwell* and *Albert N. Edwards* for plaintiffs in error.

The court erred in refusing to declare that the attempted appeal of Hennessey from the judgment of the justice in unlawful detainer did not operate as a *supersedeas. Bauer v. Cabanne*, 105 Mo. 110.

The judgment in this cause impairs defendants' contract and adds to its burdens. Const. of U. S., art. 1, sec. 10; Const. of Mo., art. 2, sec. 15.

The obligation of sureties can not be extended beyond the letter of their undertaking. *Bauer v. Cabanne, supra; City v. Porter*, 76 Mo. 358; *Cochrane v. Stewart*, 63 *Id.* 424; *Sugar v. Hobbs*, 21 Mo. App. 574.

The complaint must allege the time when the holding over complained of was done. R. S. 1889, sec. 5092.

Nor does the complaint show that complainant is the person aggrieved by the unlawful detainer alleged. These are jurisdictional facts, and the judgment of the justice is void if any essential is omitted from the complaint. *Tipton v. Swayne*, 4 Mo. 98; *Ish v. Clinton*, 26 *Id.* 256; *McQuoid v. Lamb*, 19 Mo. App. 153.

No brief filed by defendant in error.

BIGGS, J.—The plaintiff instituted an action of unlawful detainer against the defendant Hennessey. There was a judgment in his favor before the justice, and Hennessey appealed. The circuit court dismissed the appeal and Hennessey appealed to this court. On the last appeal he gave the bond here in suit. The bond is conditioned that Hennessey will not commit or suffer any waste or damage on the premises sued for, and that he will pay "all damages, rents, and profits

and costs, which were adjudged against him in said cause by the justice of the peace, and which are adjudged against him and which may be awarded against him by the St. Louis court of appeals." This court affirmed the judgment of the circuit court (*Hastings v. Hennessey*, 52 Mo. App. 172), and thereupon plaintiff brought the present suit on the bond, in which he seeks to recover the amount of damages allowed him by the justice and double monthly rents, until restitution of the premises was made. On the first trial the circuit court held that the bond was a statutory bond only as to the payment of costs, and that as to all other undertakings it was a common law bond, and as such was void for want of consideration. The case was disposed of upon that theory, and the plaintiff appealed to this court (*Hastings v. Hennessey*, 58 Mo. App. 205). We reversed that judgment and held that the bond was a good statutory undertaking and that Hennessey and his bondsmen were liable to the extent claimed by plaintiff. On a retrial of the case the defendants undertook to inject into the case special defenses—among others, that the complaint in the unlawful detainer proceedings was fatally defective, whereby the judgment therein was a nullity, and further that by the terms of the bond the liability of the sureties is confined to damages assessed by the court of appeals, and as the latter court adjudged no damages there could be no recovery beyond the costs. The circuit court, upon the evidence adduced, entered a judgment on the bond in conformity with the decision of this court. The defendants have appealed and they insist that the special defenses were open to them, and that they were valid defenses.

The judgment in this case must be affirmed. The matters now urged must be held to be *res adjudicata*.

The entire record was ·before us on the first appeal, and the special matters now urged to defeat the liability of the defendants on the bond were presented by that record and were open to dispute and presumptively they were considered by the court in making its disposition of the case. There would be no end to litigation if this were not the rule. *Bevis v. R. R.*, 30 Mo. App. 564; *Bank v. Taylor*, 62 Mo. 338.

The judgment will be affirmed. All concur.