(61 Misc. Rep. 75.)

### BACOUBY v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Appellate Term. November 24, 1908.)

INSURANCE (§ 396*)—BURGLARY INSURANCE—BREACH OF WARRANTY—WAIVER.
That the insurer, after loss under a burglary policy, continued the examination of insured as provided by the policy after her admission of a breach of warranty therein, would not of itself constitute a waiver of the breach, if nothing was done by the insurer or its agents to lead insured to suppose that it did not intend to take advantage of the breach.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1077; Dec. Dig. § 396.*]

Appeal from City Court of New York, Trial Term.

Action by Anna Bacouby against the United States Fidelity & Guaranty Company. Judgment of dismissal, and plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Warren Bigelow, for appellant.
Leonidas Dennis, for respondent.

MacLEAN, J. In consideration of $12.50 premium and of the statement in the schedule annexed thereto and signed by the assured, the defendant issued to the plaintiff a policy against loss by burglary during the term of one year from the 13th of August, 1903, made subject to certain agreements called conditions, where among were: No agent has authority to change this policy, or to waive any of its provisions, nor shall any notice to or knowledge of the agent be held to effect a waiver or change in the contract; "the assured shall facilitate the adjustment of any claim made by submitting himself, his household, and employés to examination and interrogation by the company's representatives;" and the company shall not be held to have waived any provision or condition of the policy by any act taken in connection with the investigation of any claim. This action was brought because

---

of loss by a burglary committed February 26, 1904, in her premises 774 East 165th street, New York City. The defendant pleaded and proved on the trial that the statement signed by the plaintiff in the schedule was not in all respects true, in that while the plaintiff had declared in the schedule, "The assured has never suffered loss by burglary, theft, or larceny, either at the premises above described or elsewhere, nor received indemnity therefor," she had suffered loss by burglary on January 13, 1903, at 319 East 72d street, and received on or about the 4th day of March of the same year from the General Accident Insurance Corporation, of Perth, Scotland, the sum of $600 under a policy of burglary insurance issued to her by that company. This breach of warranty vitiated the policy, and the complaint was dismissed.

The plaintiff here contends that the breach of warranty was waived, because the defendant, after the plaintiff under examination had admitted the facts of the alleged loss, continued that examination, and relies upon statements in the opinion and rulings in the case of Titus v. Glen Falls Ins. Co., 81 N. Y. 410, more or less followed in Roby v. Am. Ins. Co., 120 N. Y. 510, 24 N. E. 808, and Carpenter v. G. A. Ins. Co., 135 N. Y. 298, 31 N. E. 1015. In each of those cases, however, the facts were dissimilar to those proven here, wherein nothing was done by the defendant or its agents to lead the plaintiff to suppose that it did not intend to act upon the breach of warranty. To avail herself of such a plea of waiver, it was incumbent upon the plaintiff to plead a waiver of facts which, taken together, constituted a waiver on the part of the defendant. Winter v. City of Niagara Falls, 190 N. Y. 198, 82 N. E. 1101. The judgment should be affirmed.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

SEABURY, J. I concur on the ground that, under the pleadings, the plaintiff could not prove a waiver.