Adair County v. Ownby and Ely.

ADAIR COUNTY v. OWNBY AND ELY, *Cross-appellants.*

1. **Appeal**: RES JUDICATA. A matter once expressly decided by this court cannot on a second appeal be again brought in question. It is *res judicata.*

2. **Receiver**: MUST ACCOUNT FOR PROFITS. It is undoubtedly true that a receiver will not be permitted to make any profit for himself out of his receivership, and if he make any, will be required to account to his *cestui que trust* for it; but there is in this case no evidence to which to apply this principle.

3. ————: SETTLEMENT OF ACCOUNTS: PRACTICE. Upon final settlement of the accounts of a receiver, he claimed the surplus remaining in his hands after the payment of all the debts, by virtue of an assignment to himself from the debtor, but the court below refused to try his right under the assignment, and ordered him to pay the surplus into court, to abide the further order of the court. *Held,* error. The questions arising upon the assignment should have been passed upon before the receiver was required to pay any money into court.

*Appeal from Adair Circuit Court.*—HON. J. W. HENRY, Judge.

REVERSED

*James Ellison* for appellant Ely.

*Harrington & Cover* and *Hooper* for appellant Ownby.

NORTON, J.—It appears from the record in this case that Adair county instituted in the Adair county circuit court, a suit by attachment on the bond of Ownby, as county collector, and that on the 1st day of June, 1867, judgment was rendered in favor of the county for about $6,000, and on the same day D. A. Ely, one of the sureties on Ownby's bond, was appointed receiver to take charge of the assets attached and out of them pay off said judgment. It also appears that said Ely, as receiver, paid off said judgment and undertook to settle with the court his accounts as receiver, and for this purpose made a report or statement of account, the correctness of which being drawn

in question, it was referred to a referee. Upon the coming in of the report of the referee, both parties, Ownby and Ely, filed exceptions thereto, which being heard and considered by the court, were in part sustained and in part overruled, and a judgment finally rendered against Ely, directing him to pay and deliver, on or before the first day of the next term of the court, to the clerk thereof, the sum of $3,922.16, also all the uncollected assets of every kind in his hands as receiver, which money and assets were ordered to be held by the clerk till the further order of the court. Both Ownby and Ely appeal from the action of the court.

On the part of Ely it is insisted that error was committed by the court in charging him, as receiver, with three 1. APPEAL: res ju- certain county warrants and interest thereon, dicata. received by him respectively from Chandler, Ringo and Smith, and in refusing to credit him with the whole amount of what is known in the history of this case as the Reed warrant instead of the sum paid to Reed to procure the warrant.

This case has heretofore been before this court on the very same evidence on which it is now here, and is reported in 59 Mo. 437, to which reference is here made for a full history of it. When this case was here before these same warrants were in controversy, and it was urged in that case that the court erred in not charging said Ely with the Chandler, Ringo and Smith warrants, and in not crediting him with the full amount of the Reed warrant, and it was upon that ground chiefly that the judgment was reversed, this court holding that the Chandler, Ringo and Smith warrants ought to have been charged to Ely and were not, and that he was only entitled to a credit for what the Reed warrant cost after first charging himself with the whole amount of it. When the case went back, the circuit court followed the directions of this court, and the obedience of that court to the mandate of this court is now assigned for error. It was expressly held when the case was here be--

fore "that the court erred in striking out the total amount of the Reed warrant and the warrants of Chandler, Ringo and Smith, which ought to have been charged to Ely, deducting the $800 which he and his securities paid to procure from Reed the property turned over to them." As to these items the matter is *res judicata*, and under the ruling of this court the *nisi prius* judge could have made no other disposition of them, than was made.

It is also objected that the court erred in charging the receiver with $620, interest on the amount in his hands. While the principle contended for by counsel

*2. RECEIVER: must account for profits* for Ownby, is undoubtedly correct, that a receiver will not be permitted to make any profit for himself in any of the concerns of the trust, and that when he deals with the trust estate for his own benefit, he shall account to the *cestui que trust* for all gain which he has made, we have been unable to discover the evidence that the receiver so dealt with the assets or estate received by him, or that he had made profit out of them. The referee did not so find, and refused to charge interest, and in this we think his finding was correct, and that of the court erroneous, and for this error the judgment will be reversed.

And inasmuch as the case will be remanded, and inasmuch as after the cause was remanded when it was here

*3. ——: settlement of account: practice.* before, Ely was permitted to file a supplemental report, in which he claimed that under an assignment made to him by Ownby in 1869, he was entitled to all the assets which might be found to be in his hands as receiver after paying off and discharging the said judgment of the county obtained on the 1st day of June, 1867, we think his rights under said assignment should be passed upon by the trial court. This was not done when the case was retried, but instead thereof the court directed Ely to pay the amount ascertained to be in his hands as receiver to the clerk of the court to abide the further order of the court. This action must have been taken on the idea that Ely after such payment was made, might come

in and contest the right of Ownby to the sum so paid. We can see no propriety in requiring Ely first to pay the amount in his hands to the clerk before he would be allowed to contest Ownby's right to it, and as the supplemental report brought the matter to the attention of the court, upon a rehearing the court will ascertain the rights of the parties under the said assignment, and if it should be found that Ely is entitled to what is in his hands as receiver, or any part thereof, the court should so order, and if it should. be found that Ownby, notwithstanding said assignment, is entitled thereto, it should so order and thus end this protracted litigation.

Various exceptions were also taken as to the action of the court in allowing certain credits for attorney's fees and expenses to the receiver, which we deem it unnecessary to particularize further than to say, the charges, though liberal, might well have been allowed under the evidence. Judgment reversed and cause remanded, in which all concur.