F. H. HESSE, doing business as the F. H. HESSE PRINT-
ING COMPANY, Respondent, v. THE TRAVELERS'
PROTECTIVE ASSOCIATION OF AMERICA, Appellant.

St. Louis Court of Appeals, December 21, 1897.

1. **Contract:** AGENCY: EVIDENCE. In a suit for printing done under
an alleged contract with defendant, through its agent, where it
appeared that a contract between defendant and the alleged agent,
whereby he personally engaged to do the printing of its convention
without expense to it, was contained in the first pages of the pro-
ceedings printed by plaintiff, that plaintiff received from the alleged
agent a part payment on account, and a payment was made by
defendant for such alleged agent, it was clear he had no express
authority to act for defendant, and, in the absence of any knowledge
on the part of defendant of the making of a contract on its behalf by
such alleged agent, or that he was representing himself as its agent,
defendant could not be deemed to have authorized his acts.

2. ———: ———: RATIFICATION: EVIDENCE: DEMURRER. But where
the evidence further disclosed that after the parties arrived at an
understanding of want of authority in the alleged agent to represent
defendant, plaintiff proceeded with the work, and received a letter
from defendant, from the contents of which an inference of ratifica-
tion might have been drawn, the court did not err in overruling a
demurrer to the evidence interposed by defendant.

3. **Instruction.** In the absence of any substantial evidence of the
authority of the alleged agent, express or implied, to act as the agent
of defendant, an instruction submitting to the jury the issue as to
such authority was erroneous.

*Appeal from the St. Louis City Circuit Court.*—HON.
SELDEN P. SPENCER, Judge.

REVERSED AND REMANDED; all the judges concurring
except as to remanding the case; Judge BIGGS
holding it ought not to be remanded.

*H. T. Kent* for appellant.

That an agency can not be proven by the declara-
tions of the party claiming to be the agent, is such an

elementary rule of evidence it will not be discussed. *Timber Co. v. Cooperage Co.*, 112 Mo. 383; *Bank v. Leysor*, 116 *Id.* 68.

From the very nature of the case, particularity of instruction and singleness of method are to be expected, and of this, persons dealing with the agent may well be required to take notice. Mech. on Ag'cy, secs. 283, 285.

Plaintiff was aware that by a resolution of defendant's convention their proceedings were only to be printed in the event it could be done without any expense to defendant, and having entered upon the work with this knowledge, he could not hold defendant therefor. *Glass v. Rowe*, 103 Mo. 503; *Binott v. Terry*, 69 Ill. 190.

*Chas. F. Krone* for respondent.

The defendant having invested Stuart with an apparent authority, and permitted him to act toward third persons as its agent, is estopped from denying the character bestowed upon him by itself. *Rice v. Groffman*, 56 Mo. 435; *Famy v. Cobb*, 20 *Id.* 577; *New Albany v. Meyers*, 43 Mo. App. 124; *Sharp v. Knox*, 48 *Id.* 169; *Baker v. R'y*, 91 Mo. 152; *Hull v. Jones*, 96 *Id.* 687; Mech. on Ag'cy, secs. 282, 283; *Webater v. Wray*, 17 Neb. 579; *Bryant v. Moore*, 26 Mo. 84; *DeBaum v. Atchison*, 14 Mo. 543; *Cupples v. Wheelan*, 61 *Id.* 583; *Brooks v. Jamison*, 55 Mo. 512.

The court erred in ruling out the question put to plaintiff by his counsel. "Did Mr. Stuart represent himself to you to be the agent of the association?" This question was admissible, not to show the agency in fact, but merely the fact that the representation itself had been made. *Rice v. Groffman, supra; Stemkamper v. McManus*, 51 Mo. App. 51; Mech. on

Ag'cy, sec. 146; Big. on Estop. [5 Ed.], p. 634, and citations.

BOND, J.—This action is for the reasonable value of printing certain proceedings alleged in the first count of the petition to have been done under a contract with defendant, through its agent, and in the second count of the petition to have been done under a contract made by one purporting to act as defendant's agent which was subsequently ratified by defendant. The answer is a general denial. Plaintiff had judgment for $406.44, from which defendant appealed.

The first question for review is, did the court err in submitting the case to the jury? The evidence tends to show that plaintiff is a printer; that on July 11, 1894, he was requested by one Stuart to make a bid for printing certain convention proceedings of the defendant association; that plaintiff on the same day mailed a bid for such work addressed to defendant; that about one or two weeks thereafter Stuart returned to plaintiff, exhibited the said bill, and stated that it was accepted. On the seventeenth of July, 1894, defendant entered into a written contract with said Stuart, whereby he personally engaged to do the printing of its convention without expense to it.

Defendant's president and secretary testified that they did not receive the bid of plaintiff; plaintiff began work and furnished copy for correction to defendant, which was returned with defendant's indorsement. During the progress of the work, and when it was about half done, plaintiff was informed by Stuart that defendant's contract had been made with him personally, and that he had turned over securities for its performance in the way of advertisements which he was privileged to take under his contract. Thereupon plaintiff wrote November 1, 1894, inquiring of defend-

ant whether said Stuart was authorized to represent it, or whether it would stand for his contract as to the printing. Defendant replied promptly on the next day, stating in substance that Stuart had no authority to contract for it; that the agreement between it and Stuart was for the performance of the work by himself, and defendant looked to him for the execution of that agreement; that he had turned over to it certain advertising contracts secured by him under his contract sufficient in its opinion to pay the expense of printing the proceedings; that two thirds of the sum due upon these contracts was available for that purpose in defendant's hands. Upon this assurance plaintiff proceeded with the work, and thereafter received the following letter:

"ST. LOUIS, December 8th, 1894.

"*Hesse Printing Co., City:*

"GENTLEMEN:—We are of the opinion that you are not prosecuting the work of getting out our proceedings with the rapidity which should mark your efforts, and as this is a matter of the utmost importance to this association, and as the National Board of Directors meet in monthly session this afternoon, we desire to have some definite guarantee from you as to when you propose to have this work completed. The copy is in your hands, and has been for some time, and the fact that a delay was occasioned two or three months ago has nothing to do with publishing the matter at the present time. We understand perfectly well that men have been taken off this work and put on other work in your office since you have been in possession of all the necessary material to push the work to completion. At their meeting this afternoon the Board of Directors desire to know something definite in regard to this matter. And I wish to further state

that unless this work · can be completed by the 20th of this month, I shall recommend to the National Board that an order to discontinue the work be issued at once. An immediate reply will greatly oblige,

"Respectfully yours,

"LOUIS T. LABEAUME, Nat'l Sec'y."

The evidence shows that the contract between defendant and Stuart was contained in the first eight pages of the proceedings printed by plaintiff; that plaintiff received $90 from Stuart on account, and $75 paid by defendant for Stuart. From this statement of the evidence it is clear that Stuart had no direct or express authority to contract on behalf of the defendant for the printing of the matter in question. His actual relations with the defendant were those of an original contracting party to an agreement for doing the work, and even those had not been assumed when he first asked the plaintiff to bid on the work, for he made that request on the eleventh of July, 1894, and entered into the contract with defendant on the seventeenth of July, 1894.

CONTRACT: agency: evidence.

The next question, therefore, is, did the defendant clothe Stuart with ostensible authority to act as its agent, or did it ratify his acts and doings as such after being apprised of them? The evidence does not afford any substantial proof that Stuart was held out to the public as the agent of defendant. The only circumstance connected with his transaction with the plaintiff relied on to show such ostentation, is that plaintiff testified to mailing his bid to defendant. The presumption which might arise from this testimony loses all force when it is remembered that both the president and secretary of defendant said, without contradiction, that such bid did not reach either of them; and when it is further borne in mind that plaintiff testified that he promised to send the bid to Stuart, and that Stuart

himself exhibited it on his second interview with the plaintiff. In this state of the evidence the only just conclusion which can be drawn is, that defendant had no knowledge of the making of a contract on its behalf by Stuart, or that he was representing himself as its agent in the matter. In the absence of such knowledge it is well settled that defendant can not be deemed to have authorized Stuart's acts and doings in the premises. *Alt v. Grosclose*, 61 Mo. App. *loc. cit.* 412. The further evidence is that when defendant was notified by plaintiff's letter of November 1, of the contract made with him by Stuart and questioned as to the latter's authority, it replied that no such authority existed, and that Stuart's contract with it was a personal one. If there was nothing else in this case, it is plain that defendant could not be held on the theory of express or implied authority on the part of Stuart to contract in its name for the work in question. But the evidence goes further and discloses that after the parties had arrived at this understanding of the want of authority in Stuart to represent defendant, plaintiff proceeded in the performance of the work, and on December 8, 1894, received a letter (*supra*) requiring its completion in a specified time. This letter is ambiguous, and it is open to the construction that defendant would pay for the work when finished. It was written after full knowledge of all the facts as to the employment of plaintiff by Stuart, and from its contents an inference of ratification might have been drawn. This being so, there was no error in the action of the court in overruling defendant's demurrer to the evidence.

AGENCY: ratification: evidence: demurrer.

The next complaint relates to the instruction given of the court's own motion, which submitted to the jury the issue as to the authority of Stuart to act as agent of defendant. As has been

INSTRUCTION.

seen, there was no substantial evidence that such authority, express or implied, was conferred by defendant. The issue as to it should not, therefore, have been submitted to the jury. The only question proper for the consideration of the jury in this case was as to the ratification by defendant of the contract made by Stuart with the plaintiff under all the facts and circumstances in the record. For the error of the court in submitting the theory of recovery contained in the first count of the petition, the judgment will be reversed and the cause remanded. Judge BLAND concurs; Judge BIGGS is of the opinion that the case ought not to be remanded.