F. H. HESSE PRINTING COMPANY, Respondent, v. THE TRAVELLERS PROTECTIVE ASSOCIATION OF AMERICA, Appellant.

### St. Louis Court of Appeals, November 14, 1899.

1. Appeal: FORMER DECISION: HOW FAR RES ADJUDICATA. The rule as to how far a decision of the appellate courts in Missouri on a former appeal in the same case, is *res adjudicata* of the case, is this: If neither the evidence nor the instructions have been materially changed upon a retrial, then the opinion of the appellate court is the law of the case upon another appeal as to all points considered, and actually decided, where they have been fully presented and where no decision of this court has been overruled inadvertently.

2. ————: ————: RES ADJUDICATA IN THIS APPEAL. The evidence and instructions on the retrial were substantially the same as at the first trial, and the points considered on the first appeal seemed to have been fairly presented and passed on. Therefore, the law of the case has been declared and the matters therein involved being the same as here, they are *res adjudicata*.

Appeal from the Circuit Court of St. Louis City.—*Hon. Seldon P. Spencer*, Judge.

AFFIRMED.

*Henry T. Kent* for appellant.

The president and secretary are at best but agents of the defendant association, and it had given them no authority to print the proceedings of the convention, save upon condition that it could be done without expense. They were powerless to make an original contract to that end. What they could not do directly, they had no authority to do indirectly. The theory of ratification is that, acts done on behalf of the principal having been confirmed, this is equivalent to precedent authority. Mechem on Agency, 282. Gloss v. Rowe, 103 Mo. 536; Taylor v. Morrill, 55 Ia. 52.

*Morton Jourdon* for respondent.

The single reason urged for reversal is the same presented on the former appeal, 72 Mo. App. 598, and determined then adversely to appellant. Did the trial court properly submit the question of ratification by appellant of Stuart's contract with plaintiff to the jury? This question is therefore *res adjudicata* and settled and not open on this, the second appeal. "The circuit court has, on this second trial, conformed strictly to the opinion heretofore given * * * and we must, therefore, consider this controversy as finally settled." Senate v. Railroad, 57 Mo. App. 225. "Questions determined by the supreme court on the first appeal are not open for argument now, because such questions can not be re-argued on a second appeal in any case." Stillwell v. Glascock, 47 Mo. App. 555; Elevator Co. v. Cleary, 77 Mo. App. 302; Adair Co. v. Ownby, 75 Mo. 284.

BOND, J.—This is the second appeal in this case, the former appeal being reported in a cause between the same parties in 72 Mo. App. 598. It is admitted in the brief of the learned counsel for appellant that the facts developed on the present trial "are in all respects similar to those before the court on the former appeal." As the facts and issues were fully stated by us at that time they need not be again recited. There was a trial. Plaintiff again had judgment, and defendant again appealed.

It is insisted on this appeal, as it was when the case was here the first time, that the record contains no evidence direct or inferential, tending to show a ratification by defendant of the employment of plaintiff to do certain printing, to recover compensation for which this suit is brought. This point was decided adversely to the contention of appellant on the former appeal. See Hesse Printing Company v. Travellers Protective Association of America, 72 Mo. App. loc. cit. 603. It is

therefore *res adjudicata,* unless it can be shown that essentially different evidence was adduced on the second trial or that the court overlooked a former controlling decision, and was thus led into error as to the legal effect of the facts. Baker v. Railroad, 147 Mo. loc. cit. 152; Vaughn v. Railroad, 78 Mo. App. loc. cit. 643. But it is not contended that there was any material change in the proof adduced on the two trials, nor has it been shown that the intendment of the proof was misconceived according to the doctrine of some controlling decision inadvertently overruled in the former opinion. The result is that the point made by appellant is not again open for review, and the judgment for plaintiff which was obtained under instructions in conformity to the former opinion of this court, must be affirmed. All concur.

## CONCURRING OPINION BY JUDGE BIGGS.

On the former appeal the plaintiff had judgment which we reversed. I was of the opinion that the cause should be dismissed, as there was no substantial evidence tending to show that defendant was liable. My associates differed with me. The case is here now on substantially the same evidence. Under repeated decisions the question decided by this court on the former appeal are *res adjudicata.* It is for this reason that I now concur in affirming the judgment.