DELOACH MILL MANUFACTURING COMPANY, Respondent, v. R. C. O. LATHAM et al., Defendants; JOHN HUGH O'NEILL, Appellant.

**St. Louis Court of Appeals, March 3, 1903.**

1. **Exemption:** JUDGMENT FOR PURCHASE PRICE OF PERSONAL PROPERTY IN HANDS OF DEBTOR: STATUTORY CONSTRUCTION. Under the provisions of section 3170, Revised Statutes 1899, personal property is subjected in all cases to execution on a judgment against the purchaser for the purchase price and excluded from exemption rights against such judgment and execution.

2. ———: ———:' ———. Section 3170, Revised Statutes 1899, confers no lien on the property sold in favor of the vendor, but under it a debtor holding personal property not paid for can not claim it as exempt from execution for the purchase price which his creditor seeks to recover by judgment and execution (Straus v. Rostran, 102 Mo. 261).

Appeal from Taney Circuit Court.—*Hon. G. W. Thornberry,* Judge.

AFFIRMED.

*Lincoln & Lydy* for appellant.

(1) This was a conditional sale, made on installments under a written contract that plaintiff held the legal title to the property contracted for until full payment. Hence, plaintiff had no legal right to possession thereof until it first tendered to this appellant the full amount paid by appellant on said property less twenty-five per cent for compensation for use. Secs. 3412 and 3413, R. S. 1899; Burt v. Mears, 41 Mo. App. 231; Gentry v. Templeton, 47 Mo. App. 55. (2) Motion to set aside this sale was the proper mode of procedure, and the facts set out in such motion are sufficient. American Wine Co. v. Scholer, 13 Mo. App. 345; Finke v. Craig, 57 Mo. App. 393; American Wine Co. v. Scholer, 85 Mo. 496; Cole Co. v. Madden, 91 Mo. 585;

City of St. Louis v. Brooks, 107 Mo. 380. (3) It was the duty of the sheriff to notify this appellant of his rights of exemption. This he did not do, and the court should have interfered to prevent abuse of its powers and protect appellant in his rights. Finke v. Craig, 57 Mo. App. 393; The Warder-Bushnell-Glessner Co. v. Allen, 63 Mo. App. 459.

*W. C. Bading* for respondents.

Section 3170, Revised Statutes 1899, was operative, and applies in cases of this character, said section being as follows, to-wit: "Personal property shall, in all cases, be subject to an execution on a judgment against the purchaser for the purchase price thereof, and shall, in no case, be exempt from such judgment and execution, except in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase money." The effect of section 3170, Revised Statutes 1899, is to prevent the purchaser in all cases of this character from claiming the property as exempt from execution. Parker v. Rodes, 79 Mo. 88.

REYBURN, J.—The facts in this case are practically undisputed and may be outlined as follows: In August, 1897, plaintiff and defendants contracted for the sale of personal property, consisting of machinery, at the purchase price of $771.00. Defendant O'Neill paid on account $100, and later paid the additional sum of $110 freight upon the property purchased. For the balance of the purchase price the defendants executed and delivered to plaintiff three promissory notes, all of date August 14, 1897, the first for the sum of $103.04, maturing January 1st, the second for $105.04, maturing April 1st, and the third for $272.09, maturing July 1st, all in the year 1898, the exact form of which notes is shown by the language of the first note, which is as follows:

"$103.04.        Day, Mo., Aug. 14, 1897.

"On January 1, 1898, after date we promise to pay to De Loach Mill Manufacturing Company, or order, Atlanta, Ga., one hundred and three and 04-100 dollars, payable at Christian County Bank, Ozark, Mo., without offset, for value received.

"This note having been given the said De Loach Mill Manufacturing Company as per contract in part payment for No. 1 sawmill complete, one extra head block, one 50 C. C. T. saw, 40 feet 8x4 belt, one 15 H. P. C. C. engine and portable boiler, it is hereby agreed that the ownership and title to said machinery remains in De Loach Mill Manufacturing Company until this note or any renewal thereof is fully paid, and in default of payment as above agreed, they or their agent may take possession of and remove said machinery without legal process, and for any deficiency from wear, damage or destruction of above machinery we assume the responsibility and waive all homestead and exemptions as to this debt.

"Should this note not be paid in full at maturity, the amount unpaid shall bear interest at eight per cent per annum until paid, and counsel fees of ten per cent on the amount due, if collected by attorney.

(Seal.)        "R. C. O. LATHAM,
        "JOHN HUGH O'NEILL.
    "Witnessed by
"S. R. Goodale, Notary Public.
"John C. Rogers, Notary Public."

Defendants received and took possession of the property purchased, and subsequently, but prior to the action later mentioned, defendant O'Neill appears to have transferred the property to A. M. Mintz (his father-in-law) and Mintz transferred it to defendant Latham, who in turn transferred it to defendant O'Neill, who was in possession at the time the judgment was rendered, execution issued thereon and levy thereunder complained of was made. The plaintiff

brought suit to the April term, 1901, of the circuit court of Taney county against defendants upon the three notes or contracts mentioned, and on April 25th a general judgment for the total sum of $596.15 was rendered by default against the defendants in favor of plaintiff. On this judgment execution was issued and levied upon the machinery described in the notes, and on the 11th day of May, 1901, the sheriff of Taney county sold the property for $150 to a representative of the plaintiff. Defendant O'Neill at the time of the levy and sale under execution was the head of a family, a resident of Taney county, and claimed the property as exempt under the statute, and after the sale, having given due notice, filed a motion to set aside the execution sale, claiming exemption rights in the property, and also incorporating in his motion the terms of the notes or contracts, and that he had paid as part of the purchase money of said property $295; that it was worth at the time of the sale $550, that neither the sheriff nor the plaintiff had ever tendered to him any part of the purchase money paid by him, nor had the plaintiff ever demanded possession of the property. Which motion, after due hearing, the court overruled, and defendant O'Neill appealed to this court.

1. Under the various sections of the chapter of the statutes entitled executions, personal property designated and to the limit in value restricted, when owned by the head of a family, is made exempt from attachment and execution. The statute, however, has also provided exceptions to these general exemption rights created, among which may be classed section 3170, by the provisions of which personal property is subjected in all cases to execution on a judgment against the purchaser for the purchase price and excluded from exemption rights against such judgment and execution.

Under this section the plaintiff as vendor of the personal property sold, had the right to seize on an execution on the judgment for the purchase price

against appellant as the purchaser, the machinery sold, without any exemption rights therein on the part of the appellant. This section of the statute has been judicially interpreted as conferring no lien upon the property sold in favor of the vendor, but that under it a debtor holding personal property not paid for could not claim it as exempt from execution for the purchase price which his creditor was seeking to recover by judgment and execution. Straus v. Rothan, 102 Mo. 261, and cases cited.

The right to subject the personal property to the payment of the indebtedness for its purchase price was not waived by plaintiff by the terms of the purchase notes on which the suit was brought. The rights reserved in these notes were at best but cumulative to and not exclusive of the statutory right of subjecting the personal property sold to execution sale for its purchase price. If plaintiff had exercised or sought to enforce the rights reserved in the purchase notes by taking possession of and removing the machinery without legal process, then the objection of appellant that the contract was in effect a sale on conditions, and that plaintiff had no right to possession of the property until it had first tendered to appellant the amount paid on the property, less reasonable compensation for its use in compliance with section 3413 of the statutes, might have applied, but the plaintiff did not apply the provisions of the purchase notes by taking possession and removal of the property sold, but resorted to its legal right to sue for and recover a general judgment upon the balance of the indebtedness, and put in operation the statutory right to subject the machinery to execution sale in satisfaction of the judgment, immune from any exemption claim therein on the part of appellant, the purchaser. The action of the trial court in overruling the motion to set aside the execution was therefore correct, and is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.