Leicher v. Keeney.

---

WILLIAM LEICHER, Respondent, v. FRANK L.
KEENEY, Appellant.

Kansas City Court of Appeals, February 27, 1905.

1. APPELLATE PRACTICE: Second Appeal: Res Adjudicata.
When an appellate court determines questions of law properly
before it on appeal and remands the case for trial its rulings
become the law of the case and will not be re-examined on a
subsequent appeal, except for very cogent reasons, none of
which appear in this case.

2. VENDOR AND VENDEE: Shortage of Acreage: Demurrer to
Evidence. The evidence relating to representations of the
amount of acres in a land sale is examined and held sufficient
to send the question to a jury.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Lon-
gan*, Judge.

Affirmed.

*Barnett & Barnett* and *John Cashman* for appellant.

(1) The court erred in refusing the instruction asked by defendent at the close of plaintiff's evidence in the nature of a demurrer to plaintiff's evidence, and also erred in refusing the peremptory instruction asked by the defendant at the close of all the evidence, for the reason that the written contract in this case is plain and free from ambiguity and uncertainty. (2) It is the well-settled law that the only fraud permissible to be proved at law in these cases is fraud touching the execution of the instrument, such as misreading, etc. If any other fraud is relied upon the remedy is by a direct proceeding in equity to avoid the instrument, and not an action at law for damages. (3) The party could have protected himself by providing in the contract that the farm should contain 160 acres and that it was sold at $22 per acre which he did not do. State ex rel. v. Jones, 131 Mo. 205; Hair Co. v. Walmsley, 32 Mo. App. 115; Carraugh v. Hamill, 110 Mo. App. 53; Johnson v. Ins. Co., 93 Mo. App. 580; Crim v. Crim, 162 Mo. 542; Wells v. Adams, 88 Mo. App. 215; Wood v. Murphy, 47 Mo. App. 547; Morgan v. Porter, 103 Mo. 135; Lewis v. Land Co., 124 Mo. 673; Mires v. Summerville, 85 Mo. App. 185. (4) All previous contemporaneous oral agreements are merged in the written contract. (5) The first count of the petition does not state a cause of action because it pleads in the alternative that the defendant misstated the number of acres either through mistake or fraud and that he does not know which. Both alternatives must state a good cause of action or the petition will be fatally defective. Huitt v. Truitt, 23 Mo. App. 443; Beall v. January, 62 Mo. 434; Patterson's Mo. Code Pleading, sec. 71. (6) The second count states no cause of action. While it alleges fraud it does not state any facts constituting fraud.

*Louis Hoffman, John D. Bohling* and *Sangree &
Lamm* for respondent.

(1)   The court did not err in refusing the instruction asked by the defendant at the close of plaintiff's evidence, in the nature of a demurrer, nor in refusing the defendant's peremptory instruction at the close of all the evidence. Leicher v. Keeney, 98 Mo. App. 405;   Bigelow on Fraud (1 Ed.), 174, 487;   1 Greenleaf on Evidence (15 Ed.), sec. 284;   Liebke v. Methudy, 14 Mo. App. 72;   Culp v. Powell, 68 Mo. App. 242;   Railroad v. Curtis, 154 Mo. 22;   Herman v. Hull, 140 Mo. 270;   Bassett v. Glover, 31 Mo. App. 150, and cases cited;   Stone v. Barrett, 34 Mo. App. 15; Aquirer v. Evans, 127 Mo. 518;   Sprague v. Rooney, 104 Mo. 360;   Childs v. Dobbins, 61 Ia. 114;   Race v. Weston, 86 Ill. 91;   Gooch v. Conner, 8 Mo. 391;   Tyler v. Anderson, 106 Ind. 191;   Match v. Hunt, 38 Mich. 1; Thomas v. Beebe, 25 N. Y. 244, and cases cited.   So that the cause in this behalf was tried in accordance with the mandate of the court. (2)   A party defrauded in a transaction, on discovery of the fraud, may stand by the contract and sue for damages resulting from the fraud and deceit. Shinnabarger v. Shelton, 41 Mo. App. 147;   Owens v. Recto, 44 Mo. 389;   Parker v. Marquis, 64 Mo. 38;   Campbell v. Hoff, 129 Mo. 324; McGhee v. Bell, 170 Mo. 121.   (3)   When the fraudulent representations relate to the quantity of land sold or conveyed, it is immaterial whether the sale is by acre or in gross. Leicher v. Keeney, 98 Mo. App. 394; Thomas v. Beebe, 25 N. Y. 244; Tyler v. Anderson, 106 Ind. 191 and cases cited;   Land Co. v. Simpson (Texas), 20 S. W. 953. (4)   The first count was abandoned and the second count of the petition states the distinguishing facts and elements of a good cause of action for fraud. Thus:   (a)   Keeney's false representations,   (b)   his knowledge of their falsity, (c)   his intention they should be relied and acted on,

(d)    Leicher's ignorance of their falsity, and    (e)
Leicher's reliance and acting thereon to his resulting
damage.   Bank v. Byers, 139 Mo. 652, and cases cited;
Paretti v. Rebenack, 81 Mo. App. 494;   Edwards v.
Noel, 88 Mo. App. 434.    (5)   One who relies on false
representations, under such circumstances, has his
action for the ensuing injury, the gist of which is the
fraud of the defendant.   Delaney v. Rogers, 64 Mo.
201;   Shinnabargar v.   Shelton, 41 Mo. App. 147;
Jarrett v. Morton, 44 Mo. 275;   Nauman v. Oberle,
90 Mo. 666; Thomas v. Beebe, 25 N. Y. 244; Leicher
v. Keeney, 98 Mo. App. 399.    (5)   Where a case which
has been once before the appellate court again comes
up, only such questions will be noticed as were not de-
termined in the previous decision.   Whatever was
passed upon will be deemed *res adjudicata,* and no
longer open to dispute.   Overall v. Ellis, 38 Mo. 290;
Grumley v. Webb, 48 Mo. 562; Hombs v. Corbin, 24 Mo.
App. 393; McKinney v. Harral, 36 Mo. App. 337.

JOHNSON, J.—This is the second appeal in this
case.   The opinion of this court on the former appeal
is reported in 98 Mo. App. 394.   Plaintiff was there
the appellant.   He had been compelled to take a non-
suit because of an adverse ruling of the learned trial
judge upon the admission of evidence based upon the
view that the allegations of the petition failed to state
a cause of action.   We reversed and remanded the
cause for a new trial.   A second trial resulted in a
judgment for plaintiff, and defendant appealed.

The petition is in two counts.   We held the second
count stated a cause of action.   At the former trial
after the exclusion of evidence tending to prove vital
facts, plaintiff offered to prove by witnesses, "all the
facts, allegations and statements stated in the peti-
tion."   In the concluding paragraph of our opinion,
after resolving the determinative questions of law in-
volved in favor of plaintiff's right to recover under

the averments of the petition, SMITH, P. J., observed: "Even if the plaintiff can make the proof embraced in his comprehensive offer, we are not entirely clear as to whether or not he ought to recover." It is defendant's position that because of this remark all points considered and decided in that opinion are now open to discussion and review. We do not agree with him.

We fully discussed and decided the several propositions of law which we deemed applicable under the allegations of the petition construing them in favor of plaintiff's right to recover and remanded the case for trial. If the trial court, following our mandate, as it was bound to do, has correctly applied the law we held controlled the rights of the litigants, we perceive no reason in this case for departing from the general rule that when an appellate court determines questions of law properly before it upon appeal and remands the case for trial, its rulings become the law of the case and will not be re-examined upon subsequent appeal, except for very cogent reasons, none of which appears in this case. The statement of the general rule and cause for exception thereto made in Hamilton v. Marks, 63 Mo. 172, has met with general approval in subsequent decisions of the Supreme Court. "It is fit and proper that there should be an end to litigation and when a rule has been adjudged upon mature deliberation and after solemn argument it ought to be considered as finally determined. When a case has once been in the appellate court and is sent back, if it is retried in conformity with the principles announced in the higher tribunal and is again taken up, cogent and convincing reasons must exist to induce a re-examination of what ought to be considered as *res adjudicata*. But in view of the fact that subsequent decisions of this court though not noticing or professing to overrule the decisions in this case are in my opinion inconsistent with it, and considering the import-

ance of having some stable rule in reference to a question which so vitally concerns the business transactions of the whole community, it is deemed advisable to depart from the usual practice and consider the question again.'' [Keith v. Keith, 97 Mo. 223; Bank v. Taylor, 62 Mo. 338; Adair County v. Ownby, 75 Mo. 282; Gaines v. Fender, 82 Mo. 497; McKinney v. Harral, 36 Mo. App. 337; Printing Co. v. Protective Ass'n, 81 Mo. App. 467; Bird v. Sellers, 122 Mo. 23; Rutledge v. Railroad, 123 Mo. 131; Baker v. Railroad, 147 Mo. 152; Wells on Res Adjudicata and Stare Decisis, sec. 613; Roberts v. Cooper, 20 Howard 481.]

Defendant contends that his instruction in the nature of a demurrer to the evidence should have been given. The facts disclosed by the evidence introduced by plaintiff are as follows:

On February 25, 1898, the parties entered into a written contract under which defendant sold plaintiff a certain farm in Pettis county, therein described as the ''Fowler farm,'' for the sum of $3,500. No further description was given beyond the statement that it was ''situated in the north half of section eighteen, in township forty-six and range twenty-one, Pettis county.'' Nor was the acreage mentioned. Defendant had owned the land some five months before he sold it, but had lived in its vicinity a number of years. The situation of the land was such that it required a survey to determine the number of acres contained therein. Plaintiff was a farmer and an entire stranger to the land, his home being some ninety miles distant. He is a German possessed of a very limited knowledge of the English language, but evidently a man of ordinary intelligence and experience. He came to Sedalia in quest of land and enlisted the services of his brother-in-law, Charles Walch, who lived there, to assist him. They first encountered the real estate agents representing defendant who described the farm as containing 160 acres. Thereupon they inspected the land and

entered into negotiations with defendant for its purchase. Defendant stated that it contained 160 acres and asked $25 per acre. Plaintiff offered $20 and raised to $22, whereupon they figured to ascertain the total amount the farm would bring at this price and found it would be $3,520. Plaintiff then offered $3,500 for the farm. Defendant accepted the offer and the following day the parties met in Sedalia at the office of the agents where the contract was drawn and signed. Throughout these preliminary negotiations plaintiff exhibited considerable anxiety concerning the number of acres. He was unable to form a conclusion of his own on this point from his inspection of the farm and several times closely interrogated defendant about it, the last time being in the agent's office just before the contract was executed. On this occasion he proposed that a survey be made but defendant declined to agree, stating that he knew from a former survey the farm contained 160 acres. The agent, in addition, stated he knew defendant to be an honorable man and reliable in his statements. Walch also expressed the same opinion; and relying upon these assurances, plaintiff signed the contract. Plaintiff stated that the repeated representations made by defendant as to the number of acres and his assertion that his knowledge was based upon an actual survey, and therefore accurate, induced him to buy the land at the price agreed upon; and but for these he would not have purchased it. Some time after the deed was executed and delivered and possession given, plaintiff becoming convinced the farm fell short of containing the number of acres represented, caused a survey to be made, from which it was found the actual contents were some 141 acres.

The fact of the shortage as claimed is conceded. Defendant admitted in his testimony that the negotiations began upon a per acre basis. He wanted $25 per acre and plaintiff first offered him $20 and afterwards $22. We quote from his testimony as follows:

"I wanted $25 an acre, they offered me $22, and we compromised on $3,500 for the farm. . . . I have no remembrance of telling them there was one hundred and sixty acres of land there; I won't say either way. But I did say the abstract and deed called for one hundred and sixty acres. . . . I don't remember all intermediate talk before I offered to take $3,500. . . . I don't think I ever gave Mr. Walch any definite answer as to why I would not make the shortage good. Well, the reason I didn't give Mr. Walch any definite answer was, I was unsettled about the business. I didn't know what to do about it just at that time. It was not settled as to whether I told them there was one hundred and sixty acres of land there. . . . I possibly said there was one hundred and sixty acres but I left off the word 'knew' because I did not know. All I had was the abstract and deed. . . . I had owned the land five or six months. Mrs. Keeney was Miss Fowler. She inherited a part of the land. . . . She had bought part of it from the other heirs. I had done some of the negotiating for her. . . . I had been on the farm many times. Had known it, I suppose, ten or twelve years. Married my wife there."

The evidence adduced was sufficient to justify its submission to the jury. It tended to prove the following facts:

First: Plaintiff was a stranger to the land, did not know the number of acres and could not ascertain that fact by inspection or ordinary investigation. Second: Defendant did know the acreage of the farm to be about nineteen acres short of 160 and knew of plaintiff's ignorance of that fact. Third: The price agreed upon was estimated upon a per acre basis and plaintiff would not have bought had be known of the deficiency, which fact was known to defendant. Fourth: Defendant for the purpose of deceiving plaintiff stated as a fact within his knowledge obtained from

a previous survey that the farm contained 160 acres. Fifth:  Plaintiff relied upon the false and fraudulent representations so made.  These comprise all of the facts we held in our former opinion to be essential to plaintiff's right to recover, and we must now sustain the trial court in submitting the case to the jury.

Every other point made by defendant is fully determined by the former opinion and for the reasons herein expressed will not receive consideration here. The judgment is affirmed.  All concur.