PATRICK DUNN, Respondent, v. FRANK NICHOLSON, Appellant.

Kansas City Court of Appeals, June 3, 1907.

APPELLATE PRACTICE: Res Adjudicata: Former Appeal. The former appeal of this case (117 Mo. App. 374) having settled all questions arising on this appeal, the judgment is affirmed.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*McAntire & Scott* for appellant.

(1) Plaintiff's petition fails to state facts sufficient to constitute a cause of action. Knight v. Sadtler L. & Z. Co., 91 Mo. App. 574; Bohn v. Railway, 106 Mo. 429; Steinhauser v. Spraul, 127 Mo. 562; Waldhier

v. Railroad, 71 Mo. 514; Jacquin v. Cable Co., 57 Mo. 340; Krampe v. Brewing Association, 59 Mo. App. 277. (2) The plaintiff must prove, beyond conjecture, what was the proximate cause of the accident. Pelfka v. Knapp, 145 Mo. 316; Fuchs v. St. Louis, 167 Mo. 635; Breen v. Cooperage Company, 50 Mo. App. 213; Hicks v. Mo. Pacific, 46 Mo. App. 304; Searles v. Railroad, 101 N. Y. 661; Dobbins v. Brown, 119 N. Y. 188.

*W. J. Owen* and *W. R. Robertson* for respondent.

In his former appeal appellant raised this same question and after the cause was remanded no effort was made to have the petition made more definite and certain. Durham v. Bolivar, 106 Mo. App. 603; Conrad v. DeMontcourt, 138 Mo. 325; Dutro v. Railway, 111 Mo. App. 265; Browning v. Railway, 124 Mo. 71; Root v. Railway, 195 Mo. 367; Seeger v. Silver Co., 193 Mo. 410.

JOHNSON, J.—This case was here on a former appeal taken by defendant and was reversed and remanded on account of errors in the intructions given. [Dunn v. Nicholson, 117 Mo. App. 374.] On retrial, plaintiff again was successful, and defendant again appealed. The evidence before us is substantially the same as that before considered. Most of the questions presented by defendant relate to his contention that an instruction in the nature of a demurrer to the evidence should have been given. In our former opinion, we held that a similar instruction was properly refused. This, in effect, was a direct ruling on every question presented or that could have been raised under the demurrer.

No reason appears to justify a reopening of the matters thus adjudicated (Leicher v. Keeney, 110 Mo. App. 296; McGrew v. Railroad, 118 Mo. App. 382), and as no other point presented by defendant for a reversal of the cause possesses any merit, it follows that the judgment must be affirmed. All concur.