JOHN H. ROTH, Administrator of the Estate of ANNA GUCZMAN, Deceased, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, June 1, 1914.

1. **DAMAGES: Public Nuisance: Stagnant Water: Liability of City.** Where a city, either by its own act, or by permitting a railroad to erect an embankment in a street which creates, or suffers and permits a stagnant pool to collect and become a nuisance near plaintiff's residence, the city is liable in damages the same as any other person or landowner. And, in such case, even if it was not the act of the city but was the embankment that created the nuisance, still, the city is liable since the embankment was erected in a public street over which the city had exclusive control, and suffering and permitting the nuisance to remain after notice, was the city's act.

2. ———: ———: ———: ———: **Necessary Parties Defendant.** In such case it is not necessary to a maintenance of the suit that the railroad company, erector of the embankment,

be made a party. Sections 8862 and 9110, R. S. Mo. 1909 deal wholly with actions based ón negligence and not with those on nuisances.

3. **PLEADING: Petition: Action for Permitting Nuisance.** Even if the petition contains an allegation that the city created the nuisance, yet, as the cause of action alleged in the petition is for permitting the nuisance to remain after notice to abate, the allegation that the city did the act which caused the nuisance does not make the case one of negligence for doing that act.

4. ———: ———: ———: **Bringing Case within Terms of Statute Authorizing Cause to Survive.** Where the right to sue depends upon a statute, the petition must state facts bringing the case within the statute, and if it does not, it states no cause of action. But where the allegations of the petition are such as to show on its face that a cause of action does survive, then the petition does not wholly fail to state a cause of action

5. ———: ———: ———: ———: **Objection Going Merely to One Item of Damage and Not to Entire Cause of Action.** Where the objection is only to one item of damages and not to the entire cause of action, it must be made in some way in the trial court and preserved in the motion for new trial. And where that one item was for impaired health merely, and no objection was made in any way to the petition, and both sides expressly stated to the court that the nuisance complained of did not cause the death of the plaintiff in the original suit (of which the present suit is a revival), this cured any failure on the part of either the petition or the evidence to show that her death did not result therefrom. Nor was it necessary to include anything of the kind in the instructions since it was not an issuable fact in the case.

6. **TRIAL PRACTICE: Impeaching Verdict.** Affidavits of the jurors are not admissible to impeach their own verdicts.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

AFFIRMED.

*Frank B. Fulkerson, L. E. Thompson* and *Herman Hess* for appellant.

(1) Plaintiff's petition does not state a cause of action. Sec. 5438, R. S. Mo. 1909; Laws, 1907, p. 252;

Greer v. Railroad, 158 S. W. 740 (not yet reported);
Millan v. Transit Co., 216 Mo. 99; Bates v. Sylvester,
205 Mo. 493. (2) Defendant's right to object to suffi-
ciency of petition been waived by not taking advan-
tage of defect at time of trial. Greer v. Railroad, 158
S. W. 745; Childs v. Railroad, 117 Mo. 427; Paddock
v. Sommes, 102 Mo. 226; Schoen v. Railroad, 164 Mo.
App. 46; Hanson v. Neal, 215 Mo. 278; R. S. Mo. 1909,
Sec. 1804. (3) A municipal corporation has no control
over nuisances within its corporate limits, except such
as are given by its charter, or by the general law.
There can be no recovery on a petition against such a
corporation for injuries caused by the nuisance, which
does not show that the corporation has such a control
as makes the wrong a violation of a legal duty, im-
posed by charter or general law. Martinousky v. City
of Hannibal, 35 Mo. App. 78. (4) The notice of exist-
ence of the nuisance and request to abate, admitted as
evidence in this case, was not competent. Bishop v.
Chair Mfg. Co., 81 Atl. 458; Caldwell v. Gale, 11 Mich.
77; Nichols v. Boston, 98 Mass. 39. (5) The fill on
Fifth street being the cause of the accumulation of the
water complained of, and those primarily liable there-
for being jointly liable with the city, the court erred
in not permitting defendant to show who made the
same and in not compelling plaintiff to make said
party a party defendant with the city. Sec. 9110, R. S.
Mo. 1909; R. S. Mo. 1899, Sec. 5723; Wiggin v. St.
Louis, 135 Mo. 558; Perrego v. St. Louis, 185 Mo. 274.

*Peter J. Carolus, Samuel Wilcox* and *Perry A.
Brukaker* for respondent.

(1) Each and every point relied upon by appel-
lant in this case is *res adjudicata* by the decision of
this court on the former appeal of this case. Roth,
Admr., v. City, 164 Mo. App. 26. (2) A proposition
assumed or decided by the court to be true and which
must be so assumed or decided in order to establish

another proposition which expresses the conclusion of the court, is as effectually passed upon and settled in that court as the very matter expressly decided. Roth Tool Co. v. Spring Co., 146 Mo. App. 30; Chouteau v. Gibson, 76 Mo. 47; Cooley Const. Lim. 47. (3) The former decision of this court, whether right or wrong, cannot be inquired into on this appeal. McKinney v. Harral, 36 Mo. App. 337; State ex rel. v. Allen, 144 Mo. App. 234.

TRIMBLE, J.—In this action damages are sought against the city of St. Joseph on account of a nuisance adjacent to Mrs. Anna Guczman's residence. The alleged nuisance consisted of a stagnant and miasmatic pool which was injurious to her health and also to the desirability and rental value of her property as a home during the time sued for. The case was here once before on an appeal by the defendant from an order of the trial court granting a new trial to plaintiff, defendant contending, at that time, that plaintiff had no case and was not entitled to go to the jury. [Roth, Admr., v. City of St. Joseph, 164 Mo. App. 26.] It is true the petition contained allegations stating that the city created the nuisance, but the cause of action alleged therein, and which is maintainable thereunder, was for permitting the nuisance to remain after notice to abate.

The defendant, upon the theory that the case was based on negligent acts of the city in creating the pool, filed an answer in which it set up that the pool was created by a railroad company which built an embankment in the street of the city and put a pipe therein which did not drain the water through the embankment. Defendant further claimed that the suit was not maintainable until the railroad company was made a party to the suit pursuant to Section 8862, Revised Statutes Mo. 1909, in reference to cities of the first class or Section 9110 affecting cities of the second

class, and prayed that the railroad be made a party.

This court held that although the city did not create the nuisance, yet, nevertheless, it would be liable, on a proper showing, for damages sustained by reason of the city permitting the nuisance to remain after notice. It was further held that it was not necessary to a maintenance of the suit that the railroad company which built the embankment should be made a party, and that the evidence was sufficient to justify the court in overruling the demurrer thereto, and the trial court's action in granting plaintiff a new trial was upheld.

Thereafter the case was again tried upon the same pleadings as before, and the jury found a verdict aggregating $1000 for plaintiff upon which judgment was rendered, and defendant has again appealed.

Most of the questions now raised by appellant were adjudicated and determined on the former appeal and are now *res adjudicata.* [Leicher v. Keeney, 110 Mo. App. 292; Padgett v. Smith, 205 Mo. 122; Cape Girardeau, etc., R. R. Co. v. Railroad, 215 Mo. 286, l. c. 294; Gwin v. Waggoner, 116 Mo. 143; Young v. Ruhweddel, 132 Mo. App. 721.] The former holding on defendant's demurrer necessarily implied a holding that plaintiff's petition was sufficient, since it "was a direct ruling on every question presented, or that could have been raised, under the demurrer." [Dunn v. Nicholson, 125 Mo. App. 725.]

But we do not have to place our present refusal to hold plaintiff's petition bad on the seemingly narrow and hard ground of *res adjudicata.* Defendant's assault upon the petition grows out of the fact that it confuses a suit based on negligence with one for maintaining a nuisance. It is also contended that the petition is bad because it did not allege that the acts complained of did *not* cause the death of Mrs. Guczman. No attack was made on the petition by demurrer, ob-

jection to the evidence or in any other manner in the trial court. And no complaint was made of the petition in the motion for new trial, and no motion in arrest was filed.

The allegations of the petition were such as to show on its face that a cause of action did survive to the plaintiff administrator since damages to a property right were claimed. The injury to Mrs. Guczman's health was only one item of the damages claimed, and the petition shows that, as to this item, the injury alleged was to the health merely and not to her life. Even if it is necessary, under such circumstances, to add an allegation stating specifically that such injury to the health merely did not result in death, in order to state a cause of action as to this one item of damages, still defendant's objection does not go to the entire cause of action but only to the measure or extent of the damages recoverable, and affecting only one item thereof. This being the case, if defendant thought the alleged acts had resulted in Mrs. Guczman's death and that, therefore, the item of damage resulting from ill health did not survive to the administrator, it should have demurred to that part of the petition or put that fact in issue as a defense to that item. But an examination of the record discloses that both plaintiff and defendant tried the case expressly claiming that her death did *not* result from the acts complained of. This cured any failure, on the part of either the petition or the evidence, to show that her death did not result therefrom. Nor was it necessary to include anything of the kind in plaintiff's instructions, since it was not an issuable fact in the case.

The petition being one which did not wholly fail to state any cause of action, defendant's assault now made, for the first time upon the sufficiency of the petition as to this one item of damages, comes too late. It is only such petitions as state no cause of action at

all which can be attacked at any stage of the proceeding. [Chandler v. Railroad, 251 Mo. 592.]

The petition not being based on negligence but for maintaining a nuisance, the plaintiff was not required to make the railroad company which built the embankment a party defendant. Neither Section 8862 nor Section 9110, Revised Statutes 1909 apply to nuisances created, suffered, or permitted by a city. Those sections deal wholly with actions based on negligence. The embankment being built on a city street, which is under the control and dominion of the city, the defendant cannot escape liability on the ground that it has no control over nuisances generally except such control as is given by its charter or by general law. The nuisance being created by the city, or by reason of an act suffered by it to be done on ground under the city's control, and thereafter permitting it to remain and failing to remove it after notice, the city is liable the same as any other person or landowner.

Instruction No. 3 for plaintiff is not open to the criticism made by defendant. Taken as a whole it does not permit a recovery for damages to the real estate but only to the loss sustained by Mrs. Guczman in the reduction of rental value and desirability of the property "during the time mentioned." It nowhere stated that damages could be claimed up to the time of Mrs. Guczman's death. And while it did not specifically say that damages could not be claimed after the filing of the original petition by Mrs. Guczman in her lifetime, yet defendant's instruction No. 1 expressly told the jury such subsequent damages could not be recovered. Hence, there was no conflict between the two instructions, nor could the jury have been misled in any way. To reverse and remand a case upon such a point would violate Section 2082, Revised Statutes Missouri, 1909. Other objections to the instructions are not well taken.

As to the alleged misconduct of the jury, it is well settled that the affidavits of the jurors themselves will

not be admitted for the purpose of impeaching their own verdict. There is no ground upon which we are justified in disturbing the case. It is affirmed. All concur.

## ON MOTION TO TRANSFER TO SUPREME COURT.

TRIMBLE, J.—A motion to transfer this case to the Supreme Court has been filed claiming that the foregoing decision is in conflict with Bates v. Sylvester, 205 Mo. 493; Millar v. Transit Co., 216 Mo. 99 and Greer v. Railroad, 173 Mo. App. 276, in holding that the petition herein is not vulnerable to attack in this court for the first time, under the circumstances of this case.

We do not think the decision herein conflicts in any way with the above decisions on the point mentioned. In the case at bar, the petition clearly stated a cause of action which survived, namely, the injury to the property rights of Mrs. Guczman. One of the items of damages claimed was to her health *merely*. No attack in any way was made on the petition in the trial court nor complaint made of it in the motion for new trial. The trial was had with both sides expressly stating that the injuries to her health did not cause Mrs. Guczman's death. The attack made, therefore, did not go to the plaintiff's entire cause of action but only to one item of the damages claimed, and as to that one item, defendant at the trial agreed with plaintiff that the personal injuries to Mrs. Guczman's health did *not* result in her death. The case, is therefore, wholly unlike the case of Greer v. Railroad, 173 Mo. App. 276, where the original suit was *solely* for personal injuries, and the petition of the revived suit intimated that the injuries did cause the death, and the point was duly raised and saved. Nor is the case at bar like the case of Bates v. Sylvester, 205 Mo. 493, where the origi-

·nal suit was for the negligent killing of plaintiff's husband and the petition, of course, expressly stated that the injury resulted in the death of deceased. The same is true of Miller v. St. Louis Transit Co., 216 Mo. 99. The original cause of action was for the death of the plaintiff's husband. In all these cases the petitions clearly stated no cause of action at all. In the case at bar, the petition not only stated a cause of action as to the property rights which survived, but, as it sued merely for *impairment* of health and not for loss of life, the inference could be indulged in its favor that the nuisance did not cause the death, especially when both sides were asserting and agreeing in the trial court and here that the death was *not* caused thereby, and no objection was raised to the petition because it failed to expressly and specifically aver that fact. We are not holding in this case that when a suit for personal injuries is revived in the name of the plaintiff's administrator the petition need not state that the personal injuries did not result in death. All we are holding is that, under the allegations of this petition, and the course pursued by defendant, the objection that the petition did not contain an allegation specifically and affirmatively stating that the nuisance did not result in death, cannot now be raised by defendant for the first time in the appellate court. The motion to transfer is, therefore, overruled. All concur.