THE AMERICAN LAW BOOK Co., Appellant, v. BENJAMIN R. BREWER and CHARLES M. CASEY, Co-partners under the name of BREWER & CASEY, Respondents.

St. Louis Court of Appeals. Opinion Filed June 3, 1919.

1. **SALES: Conditional Sales: Judgment for Purchase Price: Exemptions.** Under section 2191, Revised Statutes 1909, providing that personal property shall in all cases be subject to execution on a judgment against the purchaser for the purchase price thereof, and shall in no case be exempt from such judgment and execution except in the case of an innocent person, for value, without notice of the existence of such prior claim for the purchase money, the purchasers of law books under a contract whereby title was reserved in the vendor until all the purchase price was paid, could not hold them exempt from execution on a judgment for the balance of the purchase price of such books; such statute applies

as well where the judgment is for the purchase price of personal property sold under a contract of conditional sale whereby the title is reserved in the vendor until all the purchase price is paid, as it does in the case of an absolute sale.

2. ———: ———: ———: **Remedies of Vendor: Election: May Waive Title and Sue for Purchase Price.** Where property is sold under a contract of conditional sale, whereby the title is reserved in the vendor until all the purchase price is paid, the vendor, upon the purchaser's default, may elect to waive his title and recover judgment for the unpaid balance of the purchase price.

3. ———: ———: ———: **Vendor Retaking Property: Tender.** Section 2890, Revised Statutes 1909, which provides that where the title to personal property sold is reserved in the vendor with right to retake the property in case of default, the vendor cannot take possession thereof without tendering or refunding to the purchaser the amount paid on account of the purchase price thereof, after deducting therefrom a reasonable compensation for the use of the property not to exceed twenty-five per cent of the amount so paid, etc., has no application where the property is seized under an execution issued on the judgment for the unpaid balance of the purchase price.

4. ———: ———: ———: **Judgments: Special Judgment for Purchase Price:. Executions.** Under Section 2191, Revised Statutes 1909, plaintiff was entitled to have a special judgment, one which upon its face would show that it was for the unpaid balance of the purchase price of the property in question, in order that it may not be necessary to go behind the judgment to defeat an exemption claim as to this property; and while the statute creates no lien upon the property, it makes a judgment for the purchase price leviable upon the property in question, which might otherwise be claimed as exempt by the purchaser.

Appeal from the Circuit Court of the City of St. Louis— *Hon. George H. Shields*, Judge.

Reversed and remanded.    (*with directions*).

*Abbott & Edwards* and *Edwin C. Luedde* for appellant.

(1) The Missouri Statute providing that personal property shall in all cases be subject to execution on a judgment against the purchaser for the purchase price

thereof and shall in no case be exempt from such judgment and execution, applies to conditional sales as well as absolute sales. Cade v. Jenkins, 88 Ga. 791; R. S. 1909, sec. 2191. (2) The Missouri Statute requiring the vendor in a conditional sale to tender or refund to the vendee the sum or sums of mony paid by the vendee, after deducting therefrom a reasonable compensation for the use of said property, which shall in no case exceed twenty-five per cent of the amount so paid, applies, only to a case where the vendor takes possession of the property sold under the conditional sale contract and does not apply where the property is taken by an officer of the court under an execution. R. S. 1909, sec. 2890; Crump v. Wissner, 148 N. Y. S. 401; Boyd v. Wissner, 149 N. Y. S. 85; In re National Cash Register Co., 174 Fed. 579; Sigal v. Hatch Co., N. Y. S. 818. (3) It has been held by this court in this State and by other courts in other jurisdictions, that the provisions of a statute requiring the vendor in a conditional sale to refund a portion of the moneys paid by the vendee in the conditional sale on account of the purchase price, do not apply to a levy of an execution on the property so conditionally sold under a judgment for its purchase price obtained by the vendor in a suit therefor, and that a seizure of such property under an execution against the vendee in the conditional sales contract, without right in such vendee to claim the property as exempt under statutory provisions denying exemptions in the property for the purchase price of which a judgment is rendered, is not affected or goverened by provisions requiring a conditional vendor upon taking possession of the property conditionally sold, to refund a portion of the moneys paid on account by the vendee. DeLoach Mill Mfg. Co. v. Latham, 99 Mo. App. 231; Conn. Co. v. Orr, et al., 150 Mo. App. 705; In re Bettman-Johnson Co., 250 Fed. 657; Albright v. Meredith, 58 Ohio St. 194.

*Benjamin R. Brewer* for respondents.

ALLEN J.—In 1912 plaintiff corporation sold and delivered to the defendants certain law books, defendants agreeing to pay to plaintiff the purchase price thereof in installments. By the written contract entered into between the parties on February 1, 1912, plaintiff reserved in itself the title to the books until the total of the purchase price had been paid in accordance with the contract. By a "supplimental agreement," of the same date, plaintiff agreed to deliver, and did deliver, to defendants certain bookcases, upon which defendants paid the transportation charges, upon condition that if defendants failed to fulfill the terms of the contract first mentioned then they would be obligated to pay plaintiff the further sum of $25. By the terms of the contract under which the books were sold $323.10 became due plaintiff. Defendants made certain payments, paying plaintiff in all the sum of $105.10, but defaulted as to subsequent payments due, leaving a balance due plaintiff of $243, including the said sum of $25 for bookcases.

On June 15, 1915 plaintiff instituted this action before a justice of the peace. The petition or statement is in the usual form with an itemized account attached thereto giving defendants credit for the payments made by them and showing the said balance due plaintiff. The prayer of the petition, however, is that the court "render a special judgment for the balance due upon the purchase price of the goods and merchandise aforesaid," in the sum of $243, with interest from April 1, 1914, and for costs, "and that a special execution for the said unpaid portion of the purchase price of said goods and merchandise issue in accordance with the provisions of section 2191, Revised Statutes of Missouri, 1909."

Defendants filed an answer admitting the purchase of the property under the contract and that the sum of $105.10 had been paid by them, and averred that under the written contract the title to the books was to

remain in plaintiff until they were fully paid for; that defendants were ready and willing to surrender to plaintiff the books "upon the payment of seventy-five per cent of the amount paid on said conditional sale of these books to these defendants;" and that plaintiff seeks by the action to obtain possession of the books without tendering to defendants said sum, amounting to $78.75, in violation of section 2890, Revised Statutes 1909. By way of counterclaim the defendants prayed judgment against plaintiff in the sum of $78.75; but later abandoned the counterclaim.

The trial, before the court, a jury having been waived, resulted in a general judgment in favor of plaintiff for $243, with interest from April 1, 1914, making a total of $275.15. From this judgment the plaintiff prosecutes the appeal before us.

It is the contention of learned counsel for plaintiff, appellant here, that the trial court erred in refusing to render a judgment showing upon its face that the judgment is for the balance of the purchase price of the books and bookcases mentioned; and erred also in failing to award plaintiff a special execution, as prayed in the petition, "by which to enforce payment of the judgment for $243, interest and costs, by levying upon the goods and merchandise for the purchase price of which plaintiff sued, without right in defendants to claim said goods and merchandise as exempt in accordance with the provisions of section 2191, Revised Statutes 1909."

It cannot be doubted, we think, that the property sold to defendants cannot be held exempt by them from execution under a judgment rendered in favor of plaintiff, the seller, for the balance of the purchase price due thereon. Section 2191, Revised Statutes 1909, provides that "personal property shall in all cases be subject to execution on a judgment against the purchaser for the purchase price thereof, and shall in no case be exempt from such judgment and execution, except in the hands of an innocent purchaser, for value, without

notice of the existence of such prior claim for the purchase money.'' (Italics ours.) This statute applies as well where the judgment is for the purchase price of personal property sold under a contract of conditional sale, whereby the title is reserved in the vendor until all the purchase price is paid, as it does in the case of an absolute sale. That this statute applies in case of a conditional sale is no longer an open question in this State [DeLoach Mill Mfg. Co. v. Latham, 99 Mo. App. 231, 72 S. W. 1080; Conn. Co. v. Orr. 150 Mo. 705, 131, S. W. 765.]

It is true that by the terms of section 2890, Revised Statutes 1909, where the title to personal property sold is reversed in the vendor with right to retake the property in case of default, it is made unlawful for the vendor to take possession thereof without tendering or refunding to the purchaser the amount paid on account of the purchase price thereof, after deducting therefrom a reasonable compensation for the use of the property not to exceed twenty-five per cent of the amount so paid, unless the property has been broken or damaged. Respondents rely upon the provisions of this statute, and contend that the taking of the property under execution, without a refunding of three-fourths of the amount paid by them thereon, would constitute a violation of the terms thereof. But this view is obviously unsound. Where property is thus sold, the seller, upon the purchaser's default, may elect to waive his title and recover judgment for the unpaid balance of the purchase price. [Twentieth Century Machinery Co. v. Excelsior Springs, 171 S. W. 944, 273 Mo. 142.] And section 2890, supra, has no application where the property is seized under an execution issued upon such judgment. [See DeLoach v. Latham, supra; Conn Co. v. Orr, supra; Sigal v. Hatch, 113 N. Y. Supp. 818; In re National Cash Register Co., 174 Fed. 579; In re Bettman-Johnson Co., 250 Fed. 657, 666.]

We regard it as clear that plaintiff is entitled to levy upon the property in question. To hold otherwise

The American Law Book Co. v. Brewer and Casey.

would be to run counter to the express provisions of section 2191, supra. The question is one which ordinarily arises when execution has issued and a claim of exemption is made. In the instant case, however, plaintiff has sought to obtain a "special judgment," one which upon its face will show that it is for the unpaid balance of the purchase price of the property in question, in order that it may not be necessary to go behind the judgment to defeat an exemption claim as to this property. Under the circumstances we think the plaintiff is entitled to have a judgment in that form.

The statute (section 2191, supra) provides that personal property shall in all cases be subject to execution on "a judgment . . . for the purchase price thereof," etc. While the statute creates no lien upon the property, it makes a judgment for the purchase price leviable upon the property in question, which might otherwise be claimed as exempt by the purchaser. And it would appear reasonable to conclude that a vendor, under such circumstances, ought to be permitted to obtain a judgment showing upon its face that it is one coming within the purview of the statute. As to the execution, however, no occasion appears for the making of any order except that execution issue upon the judgment when entered in the form mentioned.

The judgment is consequently reversed and the cause remanded with directions to the circuit court to enter judgment for plaintiff, in the form indicated above, for the amount found due it, with interest to the date of the entry thereof.

*Rynolds, P. J.,* and *Becker, J.,* concur.